### CAPY v. REDLINGER et al. (No. 7341.)

Court of Civil Appeals of Texas. Austin.
March 19, 1929.

See, also, 297 S. W. 276.

J. P. Rice and Hamp P. Abney, Jr., both of Dallas, for appellant.

Harmon & Harmon, of Dallas, for appellees.

McCLENDON, C. J. Moberly owned contiguous lots 18 and 19 in block 24, of Belmont addition to the city of Dallas. Each of these lots had a 50-foot south frontage on Prospect avenue and ran back between parallel lines to an alley. Lot 18 was to the east of lot 19. April 16, 1921, Moberly conveyed to Beaton lot 18, the deed containing the following provision, a proper construction of which furnishes the controversy in this suit: "Grantors are the owners also of lot 19 in block 24, of Belmont addition to the City of Dallas, Texas, which said lot 19 is west of and contiguous to the above mentioned lot 18, and for said consideration above stated the grantors agree that at any time desired by grantee, a joint driveway of concrete runways with suitable concrete entrance will be constructed, partly on said lot 18, and partly on said lot 19, of said block 24, and an equal portion of each of said lots to be used for said purpose, the cost thereof to be borne equally by the grantors and by the grantee, and said driveways to be for the joint use of the at any time owners of said lot 18 and of said 19, and the said granters do hereby grant, sell and convey unto the said Ralph A. Beaton, grantee, his heirs and assigns, a perpetual easement over the portion of said lot 19 necessary for use for such driveway purposes, which easement shall run with said lot 19 and the title thereto, and be binding upon the grantors and their heirs and any person who shall hereafter acquire title to said lot 19."

At the time of this conveyance there was a residence on lot 18, the west extremity of the foundation of which was 1½ feet from the division line of the two lots. There were then no improvements on lot 19. Lot 18 passed by mesne conveyances to appellees, and lot 19 in like manner to appellant. Appellant's immediate predecessor in title constructed at his own expense and situated entirely on lot 19 a gravel driveway with its east boundary line 2.7 feet west of the division line of the two lots. There was no request or other effort by the owners of lot 18 to have a driveway constructed as provided for in the quoted provision of the deed to Beaton.

The suit was by appellant for title to lot 19, and to enjoin appellees from using the gravel driveway on that lot for access to a garage which had been constructed on the back portion of lot 18. The judgment was in

favor of appellees, denying the injunctive relief, upon a directed verdict.

Appellees ·plead limitation and estoppel as defenses to the action, but the record will not support a judgment upon either ground. The general rules for the construction of easements are in the main the same as those applied to deeds and other written instruments. Where the language is plain and unambiguous, the courts are not permitted to resort to extraneous circumstances or parol testimony to vary or modify the language which the parties have employed. 19 C. J. p. 907, § 94.

The language above quoted, which created the easement in favor of the owners of lot 18, is we think susceptible of no other construction than that the driveway was to be constructed equally upon the two lots, and at the joint expense of the owners. To construe it into a right or privilege to use a driveway constructed entirely on lot 19 by the owner thereof at his own expense would be to make a contract for the parties different from what they have themselves made. To bind them as they bound themselves, we must hold that appellees have shown no right to use the gravel driveway; and that appellant, in his right of dominion and exclusive use and occupancy of his own premises, is entitled to the injunctive relief prayed for.

The only circumstance which gives any color to appellees' claim is the fact that at the time their remote grantor Beaton received his conveyance from Moberly the house then located on lot 18 would not admit of a driveway extending alongside of it, unless the major portion of such driveway were constructed on lot 19. There is no evidence that Beaton was not aware of that fact when he purchased lot 18, and it will be conclusively presumed that he purchased with such knowledge. The evidence does not show the dimensions of this house or the character of its construction, or whether it was capable of being moved to the east so as to admit of a driveway located equally on the two lots, without an expense that would be prohibitory. But whatever the facts in these regards, the easement granted is plain and unambiguous and cannot be enlarged beyond its clear terms merely because a driveway as granted could not be constructed beyond the house so long as it remained in its then position on the lot. It is to be observed that the initial right to the joint driveway was by the express terms of the grant vested in the grantee of lot 18, and "at any time desired by" him. So long as he (or those claiming under him) made no demand for a driveway in accordance with the terms of the grant, or failed to create upon lot 18 the conditions which would make it possible to construct such driveway, he was not in a position to claim any rights under the grant, and certainly none to a use of other portions of lot 19 not included therein.

The trial court's judgment is reversed, and judgment is here rendered in favor of appellant for the title to lot 19 subject to the easement rights in appellees as granted in the deed from Moberly to Beaton; and perpetually enjoining the appellees from using the gravel driveway now situated on lot 19.

Reversed and rendered.