## ARMSTRONG et al. v. SKELLY OIL CO.
## No. 4378.

Court of Civil Appeals of Texas. Amarillo.
March 25, 1935.

Rehearing Denied April 22, 1935.

Lackey & Lackey, of Stinnett, for appellants.

Underwood, Johnson, Dooley & Huff, of Amarillo, for appellee.

JACKSON, Justice.

M. B. Armstrong and Minnie B. Byrd each instituted a separate suit in the district court of Hutchinson county to recover against the Skelly Oil Company damages alleged to have been occasioned by the construction, operation, and maintenance of a pipe line across their respective lands by said company.

The two cases were, by agreement, consolidated and tried as cause No. 2420.

The pipe line in controversy extended across appellants' land a distance of 1,280 rods, for which damages were sought in the sum of $1 per rod.

The record shows that on May 3, 1922, the appellants leased to appellee "for the sole and only purpose of mining and operating for oil and gas and laying pipe lines" the land across which the pipe line here involved is constructed.

On November 17, 1928, the appellants, out of the land covered by said lease, demised and let, for a valuable consideration, all of which has been paid, to the same lessee, upon which to construct, maintain, and operate a gas plant, vacuum high-pressure booster stations, storage tanks, etc., for the manufacture of casing-head gas, the surface rights to a three-acre tract which is described by metes and bounds. The right of way was located and the pipe line constructed in 1929. The lease of said three-acre tract provides:

"The lessee shall have the further right to lay and maintain pipe lines and electric power lines, any size which lessee may desire, across any of the lands of the lessor, said pipe line and electric power lines to be used in connection with the purposes herein mentioned.

"And it is further agreed that the payment of said $30.00 rental, this day by the lessee paid unto lessor as aforesaid, and that all other rental payments to be hereafter made hereunder, shall cover and be in lieu of any and all claims for damages to crops, grass, trees or fences which the lessors may have or claim to have against the lessee on account of the use of said land for the purposes herein mentioned."

A portion of the acreage covered by the said lease of May 3, 1922, was relinquished and surrendered on September 15, 1932, but in our view this transaction is immaterial to the disposition of this appeal.

At the close of the testimony the court peremptorily directed the jury to find a verdict for the appellee.

The appellants' contention is that the stipulation in the three-acre surface lease, providing in effect that lessee had the right to lay and maintain pipe lines across any of the lands of the appellants for use in connection with the casing-head gas plant, is uncertain and indefinite, described no particular right of way for pipe line purposes, and is therefore within the statute of frauds and void.

The plant was erected on said three acres, casing-head gas manufactured and transported through the pipe line from the plant to Stinnett. Obviously this use of the pipe line was in connection with the purpose of the three-acre lease.

In Dohoney v. Womack et al., 1 Tex. Civ. App. 354, 19 S. W. 883, 885, 20 S. W. 950, it is said by the Supreme Court: "Appellant's seventh assignment of error relates to the exclusion from the evidence of the deed from Archie Womack to J. W. Wooldridge, for 100 acres of the land in controversy, to be taken

wherever the grantee might select. * * * It was error to exclude the Wooldridge deed, because a deed for a given number of acres to be selected from a larger tract is not void for uncertainty."

In Penney et al. v. Booth et al., 220 S. W. 430, 432, the Court of Civil Appeals of Galveston says: "This court recognizes the well-established rule that a deed for a given number of acres out of a larger tract of land, with the right of the purchaser to select its location on the larger tract, is valid, provided such selection is made by the purchaser; and also the rule that a deed for a proportionate part of a larger tract, without the stipulations therein that the purchaser may select and locate the land conveyed, is valid."

To the same effect are Linnartz v. McCullouch (Tex. Civ. App.) 27 S. W. 279; Fontaine v. Bohn (Tex. Civ. App.) 40 S. W. 637; Whitfield et al. v. La Grone (Tex. Civ. App.) 191 S. W. 1169. See also Harvey v. Edens, 69 Tex. 420, 6 S. W. 306; Hermann v. Likens, 90 Tex. 448, 39 S. W. 282; Harris v. Broiles (Tex. Civ. App.) 22 S. W. 421; Smith v. Westall, 76 Tex. 509, 13 S. W. 540.

The rules which control the courts in determining the rights under an easement are, in general, the same as those applied to deeds and other written instruments. Capy v. Redlinger et al. (Tex. Civ. App.) 17 S.W.(2d) 1092.

The pipe line crossed appellants' pasture, and there is no contention that more land was used therefor than was necessary. It is conceded that the line was constructed from and used in connection with the casinghead gas plant. The undisputed inference from the record is that the parties did not know, in advance of the execution of the lease, where the pipe line would be laid. We think it manifest, therefore, that the written lease vested the right in appellee, within reasonable limitations, to select the location for a pipe line. If we are correct in this conclusion, the appellee having selected the location and laid the line, the appellants were not entitled to recover damages for the construction thereof. The only testimony offered as to damages was the difference in the value of the land immediately before and immediately after the construction of the line, and since appellee was not liable for any injuries resulting from the construction, there was no evidence entitling appellants to recover, and the court correctly directed a verdict for appellee.

The judgment is affirmed.