James E. PETERSON, trustee, Appellant,

v.

William C. BARRON et al., Appellees.

No. 16664.

Court of Civil Appeals of Texas.

Dallas.

Feb. 18, 1966.

Rehearing Denied March 18, 1966.

Wise & Stuhl, Dallas, for appellant.

John F. Boyle, Jr., City Atty., Irving, and Jack D. Eades, of Lefkowitz, Green, Ginsberg, Eades & Gilmore, Dallas, for appellees.

CLAUDE WILLIAMS, Justice.

James E. Peterson, Trustee, brought this action against William C. Barron and the City of Irving, a municipal corporation, for trespass and subsequent damages to real property owned by plaintiff Peterson as a result of the construction of a drainage canal through a portion of plaintiff's land. Defendants defended their right to construct said drainage canal by virtue of a certain drainage and utility easement deed executed by plaintiff's predecessor in title. The trial court sustained the defendants' motion for summary judgment thereby denying plaintiff any relief. From that judgment this appeal follows.

## FACTS

On February 15, 1961 John P. Baird, being the then owner of the tract of land involved in this litigation, by written instrument entitled "Drainage and Utility Easement Deed" granted and sold to the City of Irving, a municipal corporation of Dallas County, Texas, a 20-foot wide drainage and

utility easement on the west side of said property. The easement deed, omitting detailed description by metes and bounds, reads as follows:

## "DRAINAGE AND UTILITY EASEMENT DEED

STATE OF TEXAS } KNOW ALL MEN BY
COUNTY OF DALLAS } THESE PRESENTS:

THAT I, JOHN P. BAIRD of the County of Dallas, State of Texas, for and in consideration of the sum of One Dollar and no/100 to us in hand paid by the City of Irving, Texas, and the further consideration of the special benefits to be derived from our property, the receipt and sufficiency of which is hereby acknowledged and confessed, have GRANTED, SOLD, and CONVEYED and by these presents do GRANT, SELL, and CONVEY unto the City of Irving, a municipal corporation of Dallas County, Texas, the right to construct, reconstruct and perpetually maintain drainage and utility facilities together with all laterals in, upon and across the following described property lying and being situated in the City of Irving, Dallas County, Texas to-wit:

Being a twenty (20') foot wide Drainage and Utility Easement out of the Samuel Brooks Survey, Abstract #141, and being a part of a tract of land conveyed unto John P. Baird, by O. D. Bass and O. Bass by Deed dated January 26, 1951, and recorded in Volume 3448, Page 130 of the Deed Records, Dallas County, Texas, said 20 foot wide Drainage and Utility Easement being more particularly described by metes and bounds as follows:

\* \* \* \* \* \* \* \* \* \* \*

All taxes of every kind shall be prorated as of date of this conveyance.

A Temporary Construction Easement shall extend on either side of the above described drainage and utility easement to any point necessary to spread, level and grade off excess dirt.

Said Temporary Construction Easement shall terminate one (1) year after the construction of the Drainage and Utility Easement has been completed.

TO HAVE AND TO HOLD the said premises to the City of Irving, its successors and assigns together with the right and privilege at any and all times to enter said premises or any part thereof for the purpose of constructing, reconstructing and maintaining said drainage and utility facilities and for connections therewith, and we do hereby bind ourselves, our heirs, executors and administrators to Warrant and Forever Defend, all and singular, the said premises unto the City of Irving, its successors and assigns, against every person whomsoever lawfully claiming or to claim the same, or any part thereof; that all expenses in the construction and maintenance of said drainage and utility facilities would be at the expense of the said City of Irving and in the construction of said drainage and utility facilities should the said City of Irving find it needful to remove any improvements now on the above described property, that such removal and replacing of same shall be wholly at the cost of the said City of Irving. Nothing in this Easement shall be construed as a waiver by the City of Irving, of any connection charge, or other charges imposed by Ordinance, or the Charter of the City of Irving."

Between the months of March and June, 1961 the City of Irving proceeded to construct and install a sanitary sewer line below the surface of the earth in the easement above described. Such utility is still present and in use.

Appellant James E. Peterson acquired the property in question on November 21, 1963 from Thomas P. Murphy, et al, said deed containing the following recitation:

"This conveyance is executed, delivered and accepted subject to the following: * * * (5) Drainage and utility easement from John P. Baird, to the City of Irving, dated 2–15–61, filed 3–21–61, recorded in Deed Records of Dallas County, Texas; * * *."

Appellant's tract is approximately 250 feet by 472.7 feet with the south boundary line fronting approximately 250 feet on Highway 183. Appellee Barron owns a tract of comparable size immediately adjoining appellant's tract on the west. The two tracts were formerly separated by a barbed wire fence running north and south, and there was a natural drainage ditch running along the east side of the Barron tract, from the north boundary line all the way down to the south boundary line, where the drainage was carried under Highway 183 through a culvert.

In May of 1964 the City of Irving, by and through its city engineer, approved plans for a drainage canal which was to be 6 feet deep and 50 feet wide, 20 feet thereof being on appellant's land and 30 feet being on appellee Barron's land. That portion of the drainage canal on appellant's land was to be coextensive with the 20-foot easement granted to the City of Irving by Baird, as aforesaid. When the construction of the drainage canal was commenced in June 1964 James E. Peterson filed this lawsuit alleging, among other things, that the City of Irving and its agents did not have any authority or right to construct the drainage canal within the 20-foot easement located along the most westerly 20 feet of his property and prayed for the issuance of an in-junction restraining the construction of the canal and also asking money damages for trespass. In the alternative Peterson alleged that the execution of the easement deed by Baird to the City of Irving had been obtained by either a mutual mistake or a unilateral mistake, coupled with fraudulent representations, by virtue of which the instrument should be reformed to eliminate therefrom any right in the City of Irving to construct anything other than the underground sanitary sewer line. Appellees filed their motion for summary judgment relying upon the easement deed and various affidavits. Appellant resisted the motion with affidavits and depositions seeking to uphold his contention that: (1) the easement was for one purpose only and did not include the right to build a drainage canal thereon; (2) the easement was ambiguous and required parol testimony to explain the intent of the parties; and (3) Baird, the original grantor in the easement deed, had been led to execute the same by virtue of fraudulent misrepresentations on the part of an agent of the City of Irving and therefore the instrument should be reformed in equity.

Prior to judgment the parties agreed to nonsuit the issues, *inter alia*, the contention that the manner of construction of the drainage canal within the 20-foot easement constituted an unreasonable use of said easement.

## OPINION

In his first point on appeal appellant contends that the trial court erred in granting appellees' motion for summary judgment and thereby ruling as a matter of law that the instrument in question did not limit the City of Irving to the installation of a sanitary sewer in the easement on appellant's land. Under this point he takes two positions: (1) that the instrument in question is not ambiguous on its face and limits the City to the installation of one underground utility, i. e., the sanitary sewer installed in March 1961; (2) or in the alternative, if the instrument is ambiguous then the court

should hear parol testimony which would present issues of fact.

The resolution of the points presented by appellant is dependent upon a proper construction of the written instrument which is the focus of the controversy. Is the instrument clear and unambiguous in expressing the intent of the contracting parties? If so, does the instrument clearly grant to the City multiple rights of use, including installation of sewer pipe as well as drainage canal, or is it limited in its scope to the installation of the sewer pipe alone? If the instrument is not clear then does it possess the character of ambiguity which will permit the court to consider evidence of the various issues contended by appellant?

In Davis v. Andrews, Tex.Civ. App., 361 S.W.2d 419 and again in Young v. De La Garza, Tex.Civ.App.; 368 S.W.2d 667, we had occasion to review and discuss the cardinal rules of construction of written instruments. While in those cases we were dealing with leases and mineral deeds the same rules control in determining the rights under an easement. Armstrong v. Skelly Oil Co., Tex.Civ.App., 81 S.W.2d 735, wr. ref. As we stated in the named cases the primary rule of construction of an instrument is that the intention of the parties be ascertained and given effect and that such intention, especially that of the grantor, is to be gathered from the instrument as a whole and not from isolated parts thereof. This is sometimes called the "four corners rule". 19 Tex.Jur.2d, § 112, p. 402; Texas Pacific Coal & Oil Co. v. Masterson, 160 Tex. 548, 334 S.W.2d 436. Even this primary rule is modified with the restriction that it is not the intention which the parties may have had, but failed to express in the instrument, but it is the intention which by said instrument they did express. In other words, the question is not what the parties meant to say but the meaning of what they did say. If there is no ambiguity in a deed, the instrument will be enforced as written, even though it does not express the original intention of the parties. 19 Tex.Jur.2d §

111, p. 401; 19 Tex.Jur.2d, § 107, p. 394; First Nat'l Bank of Snyder v. Evans, Tex. Civ.App., 169 S.W.2d 754; Amarillo Oil Co. v. McBride, Tex.Civ.App., 67 S.W.2d 1098.

Another rule of construction applicable here is that easement deeds must be construed most strongly against the grantor, and most favorable to the grantee, so as to confer the largest estate which a fair interpretation will permit. Armstrong v. Skelly Oil Co., Tex.Civ.App., 81 S.W.2d 735, wr. ref.; Stevens v. Galveston, H. & S. A. Ry. Co., Tex.Com.App., 212 S.W. 639; and Texas & N. O. R. Co. v. Orange County, Tex.Civ.App., 206 S.W. 539, wr. ref.

It is elementary, of course, that there must be some ambiguity in a deed before extrinsic evidence is admissible to vary the terms thereof. 19 Tex.Jur.2d, Deeds, § 164, p. 486. While it is true, as we pointed out in King v. City of Dallas, Tex.Civ.App., 374 S.W.2d 707, that in some instances it is not improper for the court to admit evidence of the existing facts and circumstances to apply same to the subject matter of the contract, this rule does not mean that the parties may prove the making of a different agreement from that expressed clearly in the written contract. Murphy v. Dilworth, 137 Tex. 32, 151 S.W. 2d 1004.

Applying these well settled principles of law to the construction to be placed upon the instrument now before us, and having carefully considered the terms expressed in the easement deed, we find no difficulty in holding, as a matter of law, that the instrument is plain and unambiguous in its express terms and therefore the tender of extrinsic evidence is neither appropriate nor desirable to alter or change such clearly expressed intention.

Appellant's argument that the instrument restricts and confines the right of the City of Irving to only one use, that is, the installation of a sewer drainage pipe which it did install in 1961, and does not

permit the City other uses of the easement in question, is without support in the very terms of the instrument itself. At the very top of the deed we find the title, "Drainage and Utility Facilities," noting the plural and not the singular. The term "drainage *and* utility easement" (emphasis supplied) appears repeatedly throughout the instrument indicating multi-purpose rather than a singular purpose use intended by the grantor. We know of no prohibition in law granting an easement for more than one purpose. The cited cases have clearly indicated construction of such instruments to indicate multiple uses of easements. Lone Star Gas Co. v. Childress, Tex.Civ.App., 187 S.W.2d 936; Knox v. Pioneer Natural Gas Co., Tex.Civ.App., 321 S.W.2d 596. The words "drainage" and "utility" facilities are of common and easily understandable meaning and usage, especially when used in connection with the rights of cities and other municipal corporations. Utility facilities cover many services such as light, gas, telephone and sewerage lines. The ordinary connotation of the word "drainage" means the carrying away of water and other liquids either in closed or open conduits. As is pointed out in McQuillin's work on Municipal Corporations, Sec. 31.03:

"The law often distinguishes sewers from drains and ditches. A drain has been defined as a trench, a watercourse, a sewer, a sink. It is an artificial conduit or channel designed to carry off water, sewage, filth, refuse, etc."

And in Section 31.05, the author says:

"And, while it is true that 'drainage' may include sewerage, yet when used as appurtenant to lands, the most obvious suggestion is a drainage of water, and an agreement for drainage which did not include house drainage in its terms, has been held not to cover it by implication."

So we find no difficulty in construing these plain and ordinary terms which clearly grant to the City of Irving the right not only to install the sewerage pipe, which it did install, but also to install other drainage and utility facilities. The law is settled that where the easement is granted for general purposes, it includes not only the use required at the time of the grant, but also the right to use the easement for any purposes connected with the use to which the property is being put. 21 Tex.Jur.2d, § 40, p. 169. The grant in this case clearly gives the City of Irving a right to lay the sewer line utility and also to employ the area covered by the easement for drainage facility. There is no unreasonable use of the easement by virtue of the construction of the drainage canal, as demonstrated by the parties' agreement to this effect.

Appellant's arguments based upon the "temporary construction easement" seek to have this subsidiary clause control the general purpose of the easement deed. The "temporary construction easement" as contained in the instrument is separate and apart from the general overall easement for drainage and utility facilities and does not even cover the same property but relates to land adjacent to the permanent easement. Such provision with reference to temporary construction does not in any manner avoid or limit the overall grant of power to the City of Irving as evidenced by the clear and unambiguous wording of the instrument.

By his second point appellant contends that the instrument in question is ambiguous and therefore the trial court should have considered parol evidence to clarify the ambiguity. From what we have said in connection with appellant's Point 1, this point is overruled for the simple reason that we have held that the deed in question was not ambiguous but clear and express in its terms to reveal the intention of the parties.

Appellant's third point urges error on the part of the trial judge in granting appellees' motion for summary judgment, and thereby ruling that appellant did not have a cause of action for reformation. He contends that, for the purpose of this point of error, it is to be assumed that the instrument in

question is not ambiguous and, as a matter of law, grants to the City of Irving the right not only to install the sanitary sewer, but also to excavate the canal. In support of his plea of reformation appellant attached the affidavit of John P. Baird who executed the instrument in question. Baird, in his affidavit, said:

"On or about February 15, 1961, the undersigned Affiant received a telephone call from a Mr. Foss (or Faas or Fass) who identified himself as an *employee* of the City of Irving, Texas. Mr. Foss said that he wished to come out to visit the undersigned Affiant, to secure from him an easement for the construction of a sanitary sewer line." (Emphasis supplied.)

Baird then went on to say that Foss orally represented to him that the easement desired was to be used only for the construction of a sanitary sewer line; that he told him of the details of the construction of the sanitary sewer line; that he told him that once the line was laid, it would not have to be bothered in one hundred years, that once it was constructed and the surface restored, no one would ever know it was there, and, especially that there would be no interference with the surface use of the easement strip, which could always be used for parking. Baird said that he would not have executed the easement deed but for the representations made to him by Foss which induced him to believe that he was permitting only the construction of the proposed sanitary sewer line and that no other use would be made of the easement strip by the City.

Foss was shown to have died prior to the filing of this suit and no affidavit was obtained from him prior to his death.

■ We find no evidence in this record to support appellant's contention of mutual mistake.

■ A one-sided mistake is not a ground for reformation of an instrument. To warrant reformation there must not only have been a mistake on the plaintiff's part but such must be accompanied by fraud or fraudulent misrepresentation ascribable to the other party. 49 Tex.Jur.2d, § 31, p. 638. Such fraud or misrepresentation must be that of, or imputable to, the other party to the contract. Moreover, such alleged mistake on the part of the one party must be clear and convincing. Hardin v. State, Tex.Civ.App., 254 S.W.2d 898.

In 25 Tex.Jur.2d, § 13, pp. 626–627, the necessary elements to constitute actionable fraud are stated:

"The essential elements of actionable fraud based on a false representation are a false statement of a material fact made to be acted on and actually believed and acted on with consequential injury to the person acting thereon. * * * It is said that to state a cause of action for fraud that is based on false representations, the plaintiff is required to show that the defendant made or was connected with the making of the representation; that the representation was as to a material fact; that the representation was false at the time it was made; that the representation was made with intent to induce the plaintiff to do or refrain from doing some act; that the representation was relied on by plaintiff—* * *, that the plaintiff believed it to be true and was induced thereby to act or refrain from acting; and that the plaintiff thereby suffered damage or injury."

■ It is well settled that in order to constitute actionable fraud the representation complained of must concern a material fact as distinguished from a mere matter of opinion, judgment probability or expectation. If the representation is vague or is merely a loose, conjectural or exaggerated statement, it is not a material fact. 25 Tex. Jur.2d, § 15, p. 630.

■ When we apply these rules to Baird's affidavit appellant's alleged cause of action for reformation fails as a matter of law. The alleged representation of Baird

concerning the future use of the easement is not the representation of an existing fact but of an opinion or statement concerning some future use. There is no evidence to indicate that Foss knew that such statements made or ascribed to him to have been made were false and were made by him with knowledge of such falsity.

There is another and cogent reason why Baird's affidavit is insufficient to constitute proof of actionable fraud. There is no evidence that Foss' alleged statement was made by him as an agent for the City of Irving or that he possessed authority to make such alleged statement. It is to be observed that Baird himself stated that Foss represented himself to be an "employee" of the City of Irving. Nothing else is contained in Baird's affidavit to throw any light upon Foss' alleged authority or agency of the City of Irving. There is no proof that the City of Irving authorized Foss to make such alleged representations nor is there any proof of ratification of Foss' acts or conduct said to be fraudulent.

"The principle that anyone dealing with an agent is bound to ascertain the nature and extent of his authority is applied to municipal corporations more strictly than to private corporations. Thus, persons who enter into contracts with a municipal corporation are chargeable with notice of the extent of its powers, and of the powers of its officers and agents through whom the contract is made, and must take notice at their peril of any restrictions or limitations on that power." 40 Tex.Jur.2d, § 410, p. 99.

Even if it be conceded that Foss was an agent of the City of Irving, which is not demonstrated in this record, he would not have even implied authority to surrender the vested rights of the City of Irving into the plain and unambiguous easement deed signed by Baird. Lone Star Gas Co. v. Childress, Tex.Civ.App., 187 S.W.2d 936. Furthermore, there is no evidence that Baird did not read the plain provisions of the easement deed prior to signing the same, nor that he was prevented from doing so. To have admitted Baird's alleged statement concerning what Foss represented to him would be for the court not only to reveal the facts and circumstances surrounding the signing of the deed in question but would, in effect, write a new contract with additional terms, especially restrictive terms, for the parties. Such would open a Pandora's box in the field of contract law and would lead to indescribable confusion inimical to proper administration of justice.

We are not unmindful of the fact that this is an appeal from a summary judgment and our review of such judgment has been made in the light of the now familiar rules recently reiterated by our Supreme Court in Great American Reserve Ins. Co. v. San Antonio Plumbing Supply Co., 391 S.W.2d 41. Having done so we find no reversible error reflected by any of appellant's points and affirm the judgment of the trial court.

Affirmed.