James Lawrence WOOD et al., Appellants,

v.

COASTAL STATES CRUDE GATHERING COMPANY, Appellee.

No. 721.

Court of Civil Appeals of Texas, Corpus Christi.

June 22, 1972.

Rehearing Denied July 31, 1972.

Head & Kendrick, Michael C. Kendrick, Jr., Corpus Christi, for appellants.

W. T. Blackburn, Corpus Christi, for appellee.

OPINION

BISSETT, Justice.

This is a multiple pipeline grant case. Suit was brought by James Lawrence Wood, et al, against Coastal States Crude Gathering Company for money damages for an alleged continuing trespass on lands owned by them occasioned by the construction of a pipeline thereon by the defendant in 1970, for a judicial determination that a pipeline easement did not authorize the construction by defendant of the pipeline at the location where it was constructed, and for removal of the pipeline. In the alternative, plaintiffs prayed for judgment holding that the additional line grant was intended to be limited to no more than two additional lines, one on each side of the first pipeline, and that "since two additional lines have already been laid, no more pipelines can be laid on said land under the terms of said easement".

Coastal States Crude Gathering Company, defendant in the trial court, answered that it was not guilty of any trespass because the subject pipeline easement granted it the right to build the pipeline that was laid in 1970 across plaintiffs' land in the location where it was actually constructed.

The case was tried to the court without a jury. A take nothing judgment was entered. Plaintiffs have duly perfected an appeal from the judgment entered. We affirm. The parties will be designated herein as they appeared in the trial court.

Plaintiffs' predecessor in title, by instrument dated October 28, 1942, granted a pipeline easement to Sinclair Refining Company across certain lands owned by her. That instrument contained, among others, the following provisions:

" . . . Grantors, hereby grant unto SINCLAIR REFINING COMPANY, a Maine corporation, hereafter called Grantee, the right to lay, maintain, inspect, operate, repair, replace, and remove a pipe line for the transportation of crude petroleum, oil, gas . . . over

and through the following described land

* * * * * *

And for an additional consideration of One Dollar ($1.00), the receipt of which is hereby acknowledged, said grantors hereby grant unto said grantee *the right at any time to lay, maintain, operate, repair, replace, or remove an additional pipe line or pipe lines alongside of said first pipe line* for the transportation of crude petroleum, oil, gas, the products or by-products of each thereof, and also water on, over and through said land and grantee agrees to pay grantors for each additional pipe line placed on said land by it the sum of $351.50 on or before the time grantee commences to construct such pipe line on, over and through said land; *said additional line or lines to be laid subject to the same rights, privileges and conditions as the original line."* (Emphasis supplied).

In 1943, Sinclair constructed an oil pipeline across the land. This pipeline will henceforth be referred to as the "first pipeline." Subsequently, and prior to 1965, the defendant acquired such pipeline and the rights under the easement.

Defendant, in 1965, laid a pipeline across plaintiffs' land. This pipeline will hereafter be called the "second pipeline". It was laid about sixteen feet southeast of and parallel to the first pipeline.

During the year 1970, defendant built another pipeline across plaintiffs' land, which we will identify as the "third pipeline". It was laid approximately fifteen feet southeast of the second pipeline and parallel to both the first and second pipelines.

All three pipelines are in an area slightly in excess of thirty-one feet in width, exclusive of any area northwest of the first line and southeast of the third line that may be required for the proper operation, use and maintenance of the three lines that are presently located in the easement. These three pipelines extend for a distance of 11,542 feet, more or less, across plaintiffs' land.

Plaintiffs recognize that defendant under the Sinclair easement had the right upon payment of $351.50 to build the third pipeline, but as the second pipeline had already been built to the southeast of the first pipeline, they contend that the third line could be constructed only to the northwest of and parallel to the first pipeline. They say that the third line was not built "alongside of said first pipeline" but was built alongside of the second pipeline as that pipeline (the second) was physically between the first and third pipelines.

Two points of error are presented. First, it is contended that the trial court erred in holding that defendant "was entitled under its easement to construct the third pipeline across plaintiffs' land at the location constructed". Second, it is asserted that the trial court erred in impliedly holding that defendant "is entitled under its easement to lay additional pipelines across plaintiffs' land, even though it has already constructed the first, second and third pipelines". Neither point can be sustained.

■ The Sinclair easement did not contain a centerline description nor did it describe any route across plaintiffs' land. The instrument itself does not limit the construction of pipelines to any specific width of land. Therefore, when Sinclair built the first pipeline in 1943 with the consent and acquiescence of plaintiffs' predecessor in title, the route, location and extent of the grantee's easement rights under the 1942 agreement became fixed and certain. Houston Pipe Line Company v. Dwyer, 374 S.W.2d 662 (Tex.Sup.1964).

■ The Sinclair easement expressly provided for a multiple pipeline grant. Strauch v. Coastal States Crude Gathering Co., 424 S.W.2d 677 (Tex.Civ.App.—Corpus Christi 1968, writ dism'd); Coastal States Crude Gathering Company v. Cummings, 415 S.W.2d 240 (Tex.Civ.App.—Waco 1967, writ ref'd n. r. e.); Phillips Petroleum Company v. Lovell, 392 S.W.2d 748 (Tex.Civ.App.—Amarillo 1965, writ ref'd n. r. e.). Plaintiffs argue that the phrase "alongside of said first pipe line" limits defendant to one pipe line along *each side* of the first pipeline. We are not in accord. Such a construction would fix the number of pipelines that could be laid under the easement to no more than three, thereby restricting the multiple pipeline grant to no more than two additional lines. If the contracting parties had intended to so curtail the grant they could have done so by using direct and positive language to that effect in the easement. They did not do so. Therefore, the clear and compelling inference is that they did not intend to limit the multiple grant to two additional pipelines. The matter of the total number of pipelines that may be constructed pursuant to the Sinclair easement is not before us in this appeal. We express no opinion thereon.

■ The primary rule of construction of an instrument is that the intention of the parties be ascertained and given effect and that such intention, especially that of the grantor, be gathered from the instrument as a whole and not from isolated parts thereof. Texas Pacific Coal & Oil Company v. Masterson, 160 Tex. 548, 334 S.W.2d 436 (1960); Davis v. Andrews, 361 S.W.2d 419 (Tex.Civ.App.—Dallas 1962, writ ref'd n. r. e.); 19 Tex.Jur.2d, Deeds, § 112, pp. 402–404.

■■ It is well settled that "the rules which control the courts in determining the rights under an easement are, in general, the same as those applied to deeds or other written instruments". Armstrong v. Skelly Oil Co., 81 S.W.2d 735 (Tex.Civ.App.—Amarillo 1935, writ ref'd); Lone Star Gas Co. v. Childress, 187 S.W.2d 936 (Tex.Civ.App.—Waco 1945, n. w. h.). It is equally well established that easements must be construed most strongly against the grantor, and most favorably to the grantee, so as to confer the largest estate which a fair interpretation will permit. Stevens v. Galveston, H & S. A. Ry. Co., 212 S.W. 639 (Tex.Com.App.1919, opinion adopted); Gladewater County Line Independent

School District v. Hughes, 59 S.W.2d 351 (Tex.Civ.App.—Texarkana 1933, affirmed in 124 Tex. 190, 76 S.W.2d 471); Peterson v. Barron, 401 S.W.2d 680 (Tex.Civ.App.—Dallas 1966, n. w. h.).

 Plaintiffs do not allege in their pleadings or contend by point of error that the Sinclair easement is ambiguous. The term "alongside of" as used by the parties in the Sinclair easement was undoubtedly used in its generally accepted meaning as found in the dictionaries. Webster's Seventh New Collegiate Dictionary defines the preposition "alongside of" as "alongside". The word "alongside", when used as an adverb, is defined as "along the side; parallel, close at the side". When "alongside" is used as a preposition, it is defined as "side by side with; parallel to". The words "alongside of" do not necessarily imply contact or imply an absence of anything of the same kind in between. The use of such words fixes the general route of all additional pipelines by requiring that they be laid along the same route as the first pipeline and in reasonably close proximity thereto. The phrase "alongside of said first pipeline" does not restrict the third line to a location that makes it adjacent to the first line, but gives and grants to the grantee and to its assigns (the defendant) the right to locate and build a third pipeline anywhere in the width of the easement so long as it is horizontal and parallel to the first pipeline. In the instant case, the third pipeline was constructed in accordance with the requirements imposed by the easement. The instrument is not indefinite or uncertain but is plain, unambiguous and clearly reveals and expresses the intention of both grantor and grantee thereto.

No issue of unreasonableness in the land area used by defendant in the construction and operation of the third pipeline is raised by the record. Plaintiffs do not, by their pleadings or evidence, assert that any fraud or mistake occurred which caused the grantor of the Sinclair easement to sign an instrument different from that which she thought she was signing. We believe that the trial court entered a correct judgment in this case. When the subject easement is examined from its four corners, it is clear that the intent of the parties was not to limit the third pipeline to an area adjacent to the first pipeline.

We have carefully considered each of plaintiffs' points of error, and the statements and arguments thereunder. They are each overruled.

The judgment of the trial court is affirmed.