William F. CALLEJO, Trustee, Appellant,

v.

The CITY OF GARLAND, Texas, Appellee.

No. 19803.

Court of Civil Appeals of Texas, Dallas.

June 18, 1979.
Rehearing Denied July 18, 1979.

David K. Meyercord, Strasburger & Price, Dallas, for appellant.

Richard P. Johnson, Asst. City Atty., Garland, for appellee.

Before AKIN, ROBERTSON and CARVER, JJ.

CARVER, Justice.

Callejo appeals from a summary judgment denying relief against the City of Garland for installing a surface electrical transmission facilities pursuant to an easement. Callejo urged that the grant of the easement was intended to be limited to underground water facilities and was ambiguous as written. We affirm on the ground that the easement is clear and unambiguous and is not limited to underground facilities.

The sole question is the construction to be given to the language contained within an express grant of an easement between the parties. The pertinent part of the easement reads:

### UTILITY EASEMENT

That William F. Callejo, Trustee of Dallas County, Texas, for and in consideration of the sum of $2,305.00 cash in hand paid to me by the City of Garland, Texas, receipt of which is hereby acknowledged and other good and valuable consideration, one of said considerations being the benefits to be derived by grantor on account of the construction, reconstruction and maintenance by the City of Garland of said utilities in and through those certain premises owned by the grantor and which hereinafter described, do hereby give and grant to the City of Garland, a municipal corporation of Dallas County, Texas, *the right to construct, reconstruct and perpetually maintain facilities* upon and across the following described property.

The City of Garland shall also have the right to assign to the North Texas Municipal Water District any of the right and privileges herein granted to the City of Garland; and specifically the right to construct and maintain major water supply lines upon and over the easement herein conveyed.

The City of Garland will also allow the grantor a temporary delay of one year in the transfer of any water service connection from the NTMWD water transmission line to any City distribution main which may be installed along this property. The pro-rata charge will likewise be delayed until the service is actually tied into the City main.

Said easement consisting of land described as follows:

(Metes and bounds description deleted)

To Have and To Hold the same perpetually to the City of Garland, and its successors, together with the right and privilege at any and all times to enter said premises, or any part thereof, for the purpose of construction, reconstruction and maintenance of *said utility facilities*, and for making connections therewith; all upon the conditions that the City of Garland will at all times, after doing any work in connection with the construction, reconstruction or repair of *said utility or*

*facilities,* restore said premises to the condition in which the same were found before such work was undertaken, and that the use of said rights and privileges herein granted the City of Garland will not create a nuisance or do any act that will be detrimental to said premises. [Emphasis added.]

Neither the pleadings nor summary judgment record raise issues of fraud, accident, mistake, or reformation. Callejo contends that the grant is ambiguous and a fact issue exists as to the true intent of the parties necessitating a trial on the merits. In essence, Callejo urges that the terms of the grant are too general to support any "use," that the parties clearly intended some "use," that the some "use" was intended to be only an underground water pipe *and nothing else.* The "only" and "nothing else" is to be supplied on the merit trial to cure the "ambiguity" urged.

The express grant of Callejo to the City of Garland is admittedly certain in its boundaries and in its consideration, but, Callejo urges, lacks legal certainty as to "use" granted. In support of his view, Callejo points out that in the granting clause "the right to construct, reconstruct and perpetually maintain facilities" fails to describe a granted use in that the term "facilities" does not have a commonly accepted usage or meaning determined by the record in this cause nor a meaning of art in the law. Callejo further contends that the phrases employed in the habendum clause, "said utility facilities" and "said utility or facilities," are words of reference only to the granting clause by the use of the prefix "said" and add nothing to the original use of the term "facilities." We cannot agree that the easement given by Callejo is ambiguous.

■ Ordinarily the construction and interpretation of express grants of easement are governed by the same rules of construction applicable generally to deeds. *Kothe v. Harris County Flood Control District,* 306

S.W.2d 390 (Tex.Civ.App.—Houston 1957, no writ). However, as was stated in *Magnolia Petroleum Co. v. Thompson,* 106 F.2d 217, 224 (8th Cir. 1939) *certiorari denied,* 308 U.S. 613, 60 S.Ct. 180, 84 L.Ed. 513 (1939): "Words, therefore, which, if used in a deed granting a fee, may be regarded as surplusage, if used in a deed granting an easement, may constitute the *essential description of the thing intended to be conveyed.*" [Emphasis added.] If there is an irreconcilable conflict between the granting clause of a deed and the habendum, the granting clause will prevail, but if the two can be construed so as to stand together, by limiting the estate without contradicting the grant, the court will give that construction in order to give effect to both. *Moore v. City of Waco,* 85 Tex. 206, 20 S.W. 61 (1892).

■ Applying the foregoing principles to the express grant of Callejo to the City of Garland, we must conclude that Callejo intended the legal consequences of employing within his instrument the words "facilities," "said utility facilities," and "said utility or facilities." We find the "consequences" by examining *Peterson v. Barron,* 401 S.W.2d 680 (Tex.Civ.App.—Dallas 1966, no writ). In *Peterson* an express easement granting the City of Irving "the right to construct, reconstruct and perpetually maintain drainage and utility facilities," with similar words repeated four other occasions in the same instrument, was attacked as being ambiguous and thus permitting parol testimony to explain the intent of the parties in the use of such language. In rejecting this contention, the court stated:

At the very top of the deed we find the title, "drainage and utility facilities" noting the plural and not the singular. The term "drainage *and* utility easement" appears repeatedly throughout the instrument indicating multi-purpose rather than singular purpose use intended by the grantor. We know of no prohibition in law granting an easement for more than one purpose. The cited cases have clearly

indicated construction of such instruments to indicate multiple uses of easement. *Lone Star Gas Co. v. Childress*, Tex.Civ.App., 187 S.W.2d 936; *Knox v. Pioneer Natural Gas Co.*, Tex.Civ.App., 321 S.W.2d 596. The words "drainage" and "utility" facilities are of common and easily understandable meaning and usage, especially when used in connection with the rights of cities and other municipal corporations. Utility facilities cover many services such as light, gas, telephone, and sewerage lines. [Emphasis added.] 401 S.W.2d at 686.

For like reasons, we hold that the granting clause gave the City of Garland the right to employ the described easement for utility facilities inclusive of the electrical power lines and poles about which Callejo complains. Since the grant is unambiguous, the trial court was correct in denying all relief to Callejo.

Affirmed.