C.J. RUTTEN, Appellant,

v.

Earl CAZEY, Appellee.

No. 10–87–042–CV.

Court of Appeals of Texas, Waco.

July 30, 1987.

Rehearing Denied Aug. 27, 1987.

Rick S. Butler, Butler, Langford & Ewalt, P.C., Houston, for appellant.

Bryan F. Russ, Jr., James H. McCullough, Palmos, Russ, McCullough & Russ, Hearne, for appellee.

OPINION

McDONALD, Chief Justice.

This is an appeal by defendant Rutten from judgment for plaintiff Cazey for $10,-

523.30 against defendant Rutten as a result of defendant's failure to maintain an easement.

Plaintiff Cazey and his father Willie Cazey executed and delivered an easement to defendant on May 3, 1973. The easement provided that "Grantee agrees to build and maintain a four wire fence on each side of said land with two gates on each side for the use and benefit of grantors, their heirs and assigns * * and also a gate alongside of each cattle guard * * ".

Plaintiff sued defendant alleging that defendant has failed to maintain the fences, gates and cattle guards in the foregoing easement, and sought judgment for the cost of repairs and maintenance to same, plus prejudgment interest and attorney's fees.

Trial was to the court which found defendant failed to maintain the easement, and rendered judgment for plaintiff against defendant for $10,523.30 plus attorney's fees.

The trial court filed findings of fact and conclusions of law summarized as follows:

*Findings of Fact*

1. On or about May 3, 1973, Plaintiff granted and conveyed unto Defendant an easement.

2. The easement was recorded in Robertson County.

3. The easement contained 2.1 acres of land, described by the metes and bounds (description follows).

4. In purchasing the easement, Defendant had delivered to his closing agent, Love Abstract Company, $1,000 as part of the consideration for the easement to Plaintiff.

5. On or about May 3, 1973, Love Abstract Company delivered $1,000 to Plaintiff and Willie Cazey.

6. On or about May 3, 1973, and after receiving the $1,000 from Love Abstract Company, Plaintiff and Willie Cazey delivered the easement to Love Abstract Company.

7. Love Abstract Company mailed the easement to Defendant.

8. Defendant took possession of the easement, built the fences, cattle guards and gates in the easement.

9. Defendant used the easement and benefited from the easement.

10. Defendant was able to reach other property and benefit by the sale of such property from the use of the easement.

11. The easement accurately reflects the agreement between Plaintiff and Defendant.

12. Defendant agreed to maintain fences surrounding the easement, agreed to maintain the easement cattle guards, and easement gates.

13. Defendant's obligation to maintain and repair the easement fences, easement cattle guards and easement gates was an ongoing and continuous obligation arising and commencing from May 3, 1973, and continuing thereafter through the date of judgment.

14. Defendant failed to maintain and repair the fences surrounding the easement, failed to maintain and repair the cattle guards in the easement, and failed to maintain and repair the gates in the easement.

15. The fair reasonable cost of repair to the easement fences, easement cattle guards and easement gates, as of July 30, 1986, was $10,523.30.

16. Plaintiff is the person who has an interest in the easement and the easement is a written contract.

17. Plaintiff timely presented his claim to Defendant for damages resulting from the Defendant's failure to maintain and repair the fences, cattle guards and gates in the easement.

18. No payments were tendered by Defendant for the just amount owed.

19. Defendant, after the inception of the easement, did on occasion make repairs to the easement fences, easement cattle guards and easement gates; however, Defendant made no repairs to the easement fences, easement cattle guards and easement gates after demand by Plaintiff, which gave rise to this cause of action.

20. Plaintiff timely asserted his cause of action against Defendant.

21. Plaintiff was represented by attorneys, James H. McCullough and Bryan F. Russ, Jr.

22. The reasonable and necessary attorney's fees for Plaintiff's attorneys for services rendered in the preparation and trial of this cause was $6,200 as of July 30, 1986.

23. The reasonable and necessary attorney's fees for Plaintiff's attorneys for services rendered in prosecuting or responding to an appeal to the Court of Appeals was $2,000 as of July 30, 1986.

24. The reasonable and necessary attorney's fees for Plaintiff's attorneys for services rendered in responding to an application for writ of error to the Supreme Court of Texas was $1,500 as of July 30, 1986.

25. The reasonable and necessary attorney's fees for Plaintiff's attorneys in the event that a writ of error is granted to the Supreme Court of Texas was $1,000 as of July 30, 1986.

### Conclusions of Law

1. The easement does not violate the Statute of Frauds.

2. All persons were properly notified of the easement.

3. Defendant is estopped from asserting the Statute of Frauds as a defense.

4. There was no mistake, accident or fraud.

5. The agreement between Plaintiff and Defendant does not fail for lack of consideration.

6. Plaintiff's right to assert his cause of action is not barred by laches.

7. Defendant is indebted to Plaintiff for $10,523.30 for maintenance and repairs of the easement fences, cattle guards and gates.

8. Defendant is indebted to Plaintiff for $6,200 as reasonable and necessary for attorney's fees for preparation and trial.

9. Defendant is indebted to Plaintiff for $2,000 as reasonable and necessary attorney's fees in the event of an appeal to the Court of Appeals.

10. Defendant is indebted to Plaintiff for $1,500 as reasonable and necessary attorney's fees in the event of a response to the application for writ of error to the Supreme Court of Texas.

11. Defendant is indebted to Plaintiff for $1,000 as reasonable and necessary attorney's fees in the event that a writ of error is granted to the Supreme Court of Texas.

12. The attorney's fees claimed by the Plaintiff are equitable and just under the Declaratory Judgment Act and under the Texas Civil Practices and Remedies Code and any predecessor statute.

13. Plaintiff properly and timely complied with requirements of Chapter 38 of the Texas Civil Practices and Remedies Code Section 38.002 and any predecessor statute.

14. The indebtedness of Defendant to Plaintiff bears interest at the rate of 10% per annum from October 10, 1986, until paid.

15. The Defendant is indebted to the Plaintiff for $251.50 court costs.

Judgment was entered November 3, 1986. Defendant appeals on 3 points.

Point 1 asserts: "The trial court erred in failing to declare that the easement is unenforceable because it violated the Statute of Frauds"; and point 2 asserts: "The trial court erred in concluding [defendant] is estopped to assert the Statute of Frauds because the Findings of Fact do not support such a conclusion".

The easement provides:

KNOW ALL MEN BY THESE PRESENTS: That we, Willie Cazey and [Plaintiff], of Robertson County, Texas, for an in consideration of the sum of Ten Dollars and other valuable consideration to us in hand paid, the receipt of which is hereby acknowledged, have granted and conveyed and by these presents do grant and convey unto [Defendant], his heirs and assigns, the free and uninterrupted use, liberty, privilege and easement of passage in and along a certain way

across a certain tract of land situated in Robertson County, Texas, now owned by us, described as follows (metes and bounds description).

Said easement being for road purposes only, subject to the following conditions, to-wit, *[Defendant] agrees to build and maintain a four-wire fence on each side of said land with two gates on each side for the use and benefit of [Plaintiff and Willie Cazey], their heirs and assigns in crossing over from one side of said strip of land to the other (gates to be located by [Plaintiff and Willie Cazey] and fence posts to be 12 ft. apart) and to build and maintain cattle guards at each end of said strip of land and also a gate alongside of each cattle guard to allow free passage through the same when needed,* and if either of such gates should be locked, [Plaintiff and Willie Cazey] shall be furnished a key thereto. [Plaintiff and Willie Cazey] also reserve the right to use said land for any and all purposes that will not interfere with the use of the same as a passage-way hereby granted to [Defendant], his heirs and assigns.

The easement was signed by Plaintiff and Willie Cazey on May 3, 1973, filed for record May 7, 1973, and recorded on May 10, 1973, in Robertson County.

■■■ The grantee in a deed accepted by him is a party to the deed even though he does not sign it, and he is bound by recitals and obligations contained therein in favor of the grantor. *Greene v. White*, 137 Tex. 361, 153 S.W.2d 575, 136 A.L.R. 626. An easement is an interest in land and its meaning is determined by the same rules which are applicable to other written instruments. *Armstrong v. Skelly Oil Co.*, CCA (Amarillo) Er.Ref., 81 S.W.2d 735; *Wall v. Lower Colorado River Authority*, CCA (Austin) NRE, 536 S.W.2d 688; *Wood v. Coastal States Crude Gathering Company*, CCA (Corpus Christi) NRE, 482 S.W.2d 954. The grantee accepts every term and provision contained in the instrument. *Chandler v. Hartt*, CCA (Tyler) NRE, 467 S.W.2d 629.

The defendant is bound to maintain the fences, gates and cattle guards for so long as he uses the easement; when it became a public road, which the trial court found that it so became on October 10, 1986, defendant may use the way as a public road and is no longer bound to maintain fences, gates and cattle guards. The statute of frauds does not preclude enforcement of the easement.

Points 1 and 2 are overruled.

■■■ Point 3 asserts: "The trial court erred in failing to render judgment in favor of [Defendant] because the judgment of the trial court declares that the easement has taken on a general public usage and appearance and that said easement shall be continued for the reasonable use to which the public has become accustomed".

The judgment of the trial court found that defendant no longer had an interest in the easement as of October 10, 1986, and is after such date not responsible to maintain and repair the easement. The trial court further found that the easement had taken on a general public usage.

We read the above together that the easement took on public usage as of October 10, 1986. In any event defendant has not brought forward a statement of facts. Absent a statement of facts it is presumed on appeal that there was evidence to support the findings of fact and the judgment of the court. *Mays v. Pierce*, 154 Tex. 487, 281 S.W.2d 79; *Ehrhardt v. Ehrhardt*, CCA (Waco) Er.Ref., 368 S.W.2d 37; *Englander Co. v. Kennedy*, 428 S.W.2d 806.

Point 3 is overruled.

AFFIRMED.