NO. 07-02-0007-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL E



SEPTEMBER 5, 2002



______________________________




JOY BYBEE BROWN, APPELLANT



V.



THE STATE OF TEXAS, APPELLEE




_________________________________



FROM THE 31ST DISTRICT COURT OF GRAY COUNTY;



NO. 5885; HONORABLE STEVEN R. EMMERT, JUDGE



_______________________________



Before REAVIS and JOHNSON, JJ, and BOYD, SJ. (1)

 On July 23, 2001, appellant Joy Bybee Brown was found guilty of arson and
assessed a five-year probated sentence in the Institutional Division of the Department of
Criminal Justice and a $500 fine. On September 19, 2001, an application to revoke
probation was filed and it was amended on October 3, 2001. After a hearing on December
14, 2001, the probation was revoked and appellant was ordered to serve the five-year
sentence.

 Appellant's appointed attorney has filed an Anders brief. See Anders v. California
386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). In that brief, he certifies that
after careful examination of the record, he has concluded that appellant's appeal is without
merit. In that brief, he certified that he sent a copy to appellant for her examination. He
has also filed a motion to withdraw in which he certified that a copy of the motion was
being sent to appellant and that she had a right to file her own brief. The clerk of this court
also notified appellant of her right to file a brief and, after obtaining an extension of time
within which to do so, appellant has now filed her pro se brief.

 In considering briefs and requests of this type, we must satisfy ourselves that the
attorney has provided the client with a diligent and thorough search of the record for any
arguable claim that might support his client's appeal. Then, after considering counsel's
brief and appellant's pro se brief, we must determine if counsel has correctly concluded
the appeal is frivolous. See McCoy v. Court of Appeals of Wisconsin, 486 U.S. 429, 108
S.Ct. 1895, 100 L.Ed.2d 440 (1988); High v. State, 573 S.W.2d 807, 813 (Tex. Crim.
App.1978).

 When we review an order revoking probation, the only question before us is
whether the trial court abused its discretion in doing so. Jackson v. State, 645 S.W.2d
303, 305 (Tex.Crim.App. 1983). In a revocation proceeding, the State must prove by a
preponderance of the evidence that the probationer violated a condition of the probation. 
Cobb v. State, 851 S.W.2d 871, 874 (Tex.Crim.App. 1993). Although one sufficient ground
for revocation supports a revocation order, Moore v. State, 605 S.W.2d 924, 926 (Tex.
Crim.App. 1979), a plea of true standing alone is sufficient to support the trial court's
revocation order. Moses v. State, 590 S.W.2d 469, 470 (Tex.Crim.App. 1979).

 At the hearing on the motion to revoke, appellant entered a plea of true to nine of
the alleged probation violations. That in itself is sufficient to support the revocation order. 
Appellant was also sworn and testified. We have carefully examined the record of her
testimony and her pro se brief. We can only conclude that the trial court did not abuse its
discretion in revoking appellant's probation. 

 Accordingly, the judgment of the trial court is affirmed and appellate counsel's
motion to withdraw is granted. 


 John T. Boyd

 Senior Justice


Do not publish.
1. John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by
assignment. 



not take any steps to ensure that [K-Mac] would be paid
from the loan proceeds advanced to [homeowners]; nor did [Western] give
notice of payment to [K-Mac].


 16. [Western] expressly or impliedly represented to [K-Mac] that the loan
proceeds represented by the obligation secured by the Builder's and
Mechanic's Lien Contract would be used to pay the amounts owed to [K-Mac] by [homeowners] at the conclusion of the work.


We disagree for the following reasons.


 Because neither party alleged that the contract was ambiguous and the trial court
did not find it ambiguous, we must give effect to the intention of the parties as expressed
or as is apparent in the writing. Exxon Corp. v. West Tex. Gathering Co., 868 S.W.2d 299,
302 (Tex. 1993). Accordingly, consideration of Western's sufficiency of the evidence
questions is not required. Moreover, by its fact statement herein, Western admits that it
paid the proceeds of the home improvement loan to the homeowners and that they did not
pay K-Mac for the improvements. Further, Western does not question finding nine that it
advanced the loan proceeds in the sum of $9,100 to the homeowners in reliance upon the
Builder's and Mechanic's Lien Contract. Because of these admissions, and for purposes
of liability under the contract discussed below, finding eleven is not controlling. Likewise,
because of our conclusion regarding liability under the contract, any question of expressed
or implied representation under finding sixteen is controlled by the doctrine of estoppel by
contract. See Stevens v. State Farm Fire and Cas. Co, 929 S.W.2d 665, 672 (Tex.App.--Texarkana 1996, writ denied) (holding that a party to a contract will not be able to take a
position inconsistent with the contract).

 Western was not a bystander to this contract. In addition to preparing the contract,
which included a provision for the assignment of the contract from K-Mac to Western, and
other related loan documents, the contract also designated an officer of the bank as the
trustee and was signed in the bank lobby. Although the contract was not executed by an
officer of Western, by acceptance and reliance on the contract, Western became bound 
by the recitals in the contract. Greene v. White, 137 Tex. 361, 153 S.W.2d 575, 583
(1941). See also Rutten v. Cazey, 734 S.W.2d 752, 755 (Tex.App.--Waco 1987, writ
denied). 

 In our analysis of the assignment paragraph set out above, we focus on the
provision that states in pertinent part:

 [Western's] performance is for the purpose of paying, in whole or in part, for
the improvements to be made by Contractor. . . .


Under the contract, K-Mac, the homeowners, and Western each had three distinct roles. 
As the seller, K-Mac was obligated to sell and install the carpet. As the financing agency,
Western's role was to advance funds for payment of the carpet, while the homeowners, as
buyers, had the obligation to pay for the carpet. Without specifying how funds were to be
paid, (i.e., check payable to K-Mac, jointly payable, or by wire transfer to the account of K-Mac), by its plain terms, Western's performance related to payment to K-Mac for the
carpet, which was due under the contract when the work was completed. Because we
must presume that the parties to this contract intended every clause to have some effect,
Heritage Resources, Inc. v. NationsBank, 939 S.W.2d 118, 121 (Tex. 1996), we conclude
that Western was obligated to pay K-Mac for the improvements pursuant to the terms of
the contract. Accordingly, Western's first point is overruled.

 By its third point of error, Western contends there is no evidence or insufficient
evidence of the amount of damages suffered by K-Mac. We disagree. Findings of fact
entered in a case tried to the bench have the same force and dignity as a jury's verdict
upon questions. Anderson v. City of Seven Points, 806 S.W.2d 791, 794 (Tex. 1991). A
trial court's findings of fact are reviewable for legal and factual sufficiency by the same
standards applied in reviewing the sufficiency of the evidence supporting a jury's finding. 
Id. In reviewing a no-evidence point, we consider only the evidence and reasonable
inferences therefrom which, when viewed in their most favorable light, support the court's
findings, disregarding all evidence and inferences to the contrary. Lewelling v. Lewelling,
796 S.W.2d 164, 166 (Tex. 1990). If there is more than a scintilla of evidence to support
the finding, the no-evidence challenge must fail. Id. In considering a factual sufficiency
issue, we review all the evidence and reverse only if the challenged finding is so against
the great weight and preponderance of the evidence as to be manifestly unjust. Pool v.
Ford Motor Co., 715 S.W.2d 629, 635 (Tex. 1986); In re King's Estate, 150 Tex. 662, 244
S.W.2d 660, 661 (1962). We are not to reweigh the evidence and set aside the finding
merely because we feel that a different result is more reasonable. Pool, 715 S.W.2d at
634. The trier of fact is the sole judge of the credibility of the witnesses and the weight
given their testimony, Leyva v. Pacheco, 163 Tex. 638, 358 S.W.2d 547, 549 (1962), and
may believe one witness and disbelieve another and resolve inconsistencies in testimony. 
McGalliard v. Kuhlmann, 722 S.W.2d 694, 697 (Tex. 1986). We are not so bound by the
trial court's conclusions of law and review those conclusions de novo to determine their
correctness. Hydrocarbon Mgt. v. Tracker Exploration, 861 S.W.2d 427, 431
(Tex.App.--Amarillo 1993, no writ).

 In its statement of the case, Western admits that the homeowners did not pay K-Mac for the installation of the carpet and tile. At trial K-Mac introduced a copy of the
judgment that it recover $9,570.34 against the homeowners and K-Mac's President
testified that collection efforts were unsuccessful. K-Mac's President also testified that it
filed the lawsuit against Western to recover the amount of its labor, materials, and
attorney's fees expended up to that point, so that the total judgment taken against the
homeowners would be $9,570.34. Additionally, the contract stated that "owner agrees to
pay Contractor . . . $9,100." Having found that there is some evidence to support the
finding as to the amount of damages we will now proceed with a determination of the
factual sufficiency. Western presented no evidence to refute the amount of damages
established by the testimony of K-Mac's President and the judgment entered into evidence
without objection. Because the trial judge determines the credibility of the witnesses and
weighs their testimony, we cannot say that a manifest injustice occurred. Western's third
point is overruled.

 Our disposition of Western's first point requires that we affirm the judgment based
on the contract. Therefore, we need not consider Western's second point because we
must uphold a correct lower court judgment on any legal theory before it. Guaranty County
Mutual Ins. Co. v. Reyna, 709 S.W.2d 647, 648 (Tex. 1986).

 Accordingly, the judgment of the trial court is affirmed.


 Don H. Reavis

 Justice


Do not publish.
1. The homeowners are not parties to this proceeding.
2. The validity of the lien as to the real estate is not presented for our determination.