### CONTINENTAL PIPE LINE CO. v. GANDY.

#### No. 4113.

Court of Civil Appeals of Texas. El Paso, Texas.

Sept. 18, 1941.

Rehearing Denied Oct. 16, 1941.

See, also, 142 S.W.2d 631.

G. R. Pate, John A. Braly, and Burney Braly, all of Fort Worth, and Boone, Henderson, Boone & Davis, of Corpus Christi, for appellant.

Hayden W. Head and Keys & Holt, all of Corpus Christi (Birge Holt, of Corpus Christi, of counsel), for appellee.

SUTTON, Justice.

This is an appeal from the 117th District Court of Nueces County. The parties will here be designated as they were in the trial court.

The plaintiff, W. S. Gandy, sued the defendant Continental Pipe Line Company, to recover certain items of damage, which will be hereinafter more particularly noticed, and for a mandatory order directing the removal of a telephone line erected by the defendant on a 3.63-acre tract of land claimed by the plaintiff. The trial was to the court and a jury. The judgment directed the removal of the telephone line and was for three items of damage aggregating $350. From this judgment the defendant has perfected this appeal.

The 3.63 acres of land claimed by plaintiff consisted of 20 feet off of the east side of the northeast quarter of Section 61, 20 feet off of the west side of the northwest 195.26 acres, a part of Section 55, and 20 feet off of the west side of the south one-half of Section 54; and all within the right-of-way of a public road known as the Rabb-Koonze Road.

The owners of the Driscoll Ranch, prior to its subdivision and sale in small tracts, caused the sections to be surveyed and marked. Around each section, by a map and dedication duly recorded, a public road 40 feet wide was dedicated to the public; twenty feet were taken from each adjoining section, except those bordering on railroads. Upon one of these roads, the Rabb-Koonze Road, the defendant erected a telephone line with the consent of the County, but without the consent of the plaintiff, an abutting owner, as above indicated, and without paying compensation therefor.

The plaintiff sought and recovered damages in the sum of $125 for the use of his 3.63 acres from the date the line was constructed to the date of trial; $50 as additional costs to him in farming his adjoining lands; and $175 for impaired service on his telephone which serves his farm residence; and a mandatory injunction requiring the removal of the line.

The defendant answered with a general demurrer, numerous special exceptions, a general denial, and a special answer wherein it alleged it was a common carrier pipe line company doing business as such under the provisions of Chapter 30, page 48, of the General Laws of the 35th Legislature, 1917, Arts. 6018 to 6021, inc., R.S.1925; compliance with the provisions of the law, and that its pipe line and telephone line were laid, maintained and operated under

the provisions of such law and the telephone line used in connection with its pipe line as authorized by law.

The disposition of this appeal depends primarily on the interpretation and application of the statutes cited above. We have reached the conclusion plaintiff was not entitled to the relief he sought.

The construction and operation of common carrier pipe lines are now recognized as necessary and indispensable to a proper and economical exploitation of the petroleum, natural resource. They are of great importance to the public. Private property owners, the producers of crude oil, and the public are interested in the expeditious and economical transportation of oil from the producing fields and the distribution of it to the consuming public and industry. Pipe line transportation is the best mode yet provided. The public has an interest in relieving other means of transportation and its highways of the burden they would have to carry but for pipe line transportation. Hence the Legislature has recognized the pipe line as a public convenience and modern necessity and a business of public concern. In the Act defining them to be common carriers and regulating them as such it has declared it to be a business in the conduct of which the public is interested. In the same Act (Chap. 30, supra) it confers the right "to lay, maintain and operate pipe lines, together with telegraph and telephone lines incidental to and designed for use only in connection with the operation of such pipe lines along, across or under any public stream or highway in this State." Vernon's Ann.Civ.St. Art. 6020. It has extended the public policy of the State to embrace them as other common carriers and public utilities.

The telegraph and telephone lines are incidental to and a part of the pipe line system. This means of communication is essential to the practical and efficient operation of pipe line transportation. The uses, conveniences and purposes of the communication lines are too obvious to enumerate here.

■ Plaintiff takes the position that the statute supra merely authorizes such construction along, across or under highways to which the county or the State owns the fee. The Legislature did not say so, and had such been the intention to so limit it, it could have easily been done.

He also takes the position the telephone lines must follow the pipe line right-of-way, which was not done in the instant case. The pipe line nowhere touches the 3.63 acres. The same answer is applicable to this contention. Furthermore, the caption of the Act, supra, makes clear, we think, it was the purpose to grant the right to build them other than on the pipe line right-of-way. The caption uses this language: "Granting them the right to establish, maintain, and operate telegraph and telephone lines upon their rights of way in connection with their business, and to build and maintain their lines under and across or along streams, highways and streets as other common carriers within this State."

■ Plaintiff insists, in all events, it constitutes an unlawful taking without compensation contrary to Article 1, Sec. 17, of the State Constitution, Vernon's Ann.St. We think not. The status of a right-of-way easement is the same when dedicated to the public as when condemned and paid for. In case of dedication the compensation is indirect, in the other direct. The possession and control of the surface is surrendered to the public. The public may do, therefore, with the surface what it pleases, so long as it does not invade and violate the rights of others.

Plaintiff makes no claim that his enjoyment of the fee is in anywise interfered with. We can conceive of no situation wherein his rights to the fee could be thus invaded. If such a situation could be established, then an entirely different question would be presented. He has no more right to the right-of-way than any other member of the public. It has been correctly held, we think, that the erection of telephone poles and wires above the surface of the ground imposes no additional servitude on the fee, and a statute so authorizing is constitutional, though no additional compensation is provided. Roaring Springs Townsite Co. v. Paducah Telephone Co., Tex.Civ.App., 164 S.W. 50, affirmed 109 Tex. 452, 212 S.W. 147.

The plaintiff had to take notice of the public policy and law of the State which authorized the use of the surface of a right-of-way easement for such means of communication as expressed by the Legislature and interpreted by the courts.

It has been said that public policy and interest is the authority for this right, and

the public interest greater than the private. Roaring Springs Townsite Co. v. Paducah Telephone Co., 109 Tex. 452, 212 S.W. 147; City of Brownwood v. Brown Telegraph & Telephone Co., 106 Tex. 114, 116, 157 S.W. 1163.

As has already been observed, the public has a stake in the efficient and economical development and distribution of natural resources—that the telephone is merely incidental, though essential, to the transportation of the oil through the common carrier line. We regard the doctrine as applied under the statutes to commercial telegraph and telephone concerns as public utilities equally applicable here.

The plaintiff cites, in support of his contention that the telephone line erected by the defendant was a private line and that the same constituted taking of his property without compensation, the cases of Acme Cement Plaster Co. v. American Cement Plaster Co., Tex.Civ.App., 167 S.W. 183, and McCammon & Lang Lbr. Co. v. Trinity & B. V. Ry. Co., 104 Tex. 8, 133 S.W. 247, 36 L.R.A.,N.S., 662, Ann.Cas. 1913E, 870.

The American Cement Plaster Company, the opinion discloses, had no authority to erect telephone and telegraph lines as an incident to its business, nor did the statutes of the State authorize it to erect and maintain telegraph and telephone lines along, across or under public highways. It had no more right there than any other member of the public. It was alleged as a fact that the construction of the road would be to appropriate the street to the exclusive use of the railroad. A general demurrer was sustained and the allegation taken as true. It would hardly require proof to establish the fact a steam railroad would exclude for practical purposes all other uses of a street or highway. Under the facts the distinction between that case and this is clear. No one could question the soundness of that decision. The many other additional reasons why the construction of a steam railroad track and the operation of steam trains on it constitute an almost, if not quite, exclusive appropriation of the street or highway are too apparent to make necessary enumeration of them here.

■ The judgment of the trial court permitted the plaintiff to recover as damages for the use of his 3.63 acres of land within the road right-of-way the sum of $125.

From what has already been said it is clear we are of the opinion that the plaintiff had no superior right in the road right-of-way to any other member of the public; that the construction of the telephone line did not constitute an invasion and violation of his rights nor a taking of his property. It follows, therefore, that he was not entitled to recover such item of damages. He likewise recovered the sum of $50 as damages occasioned by the construction and maintenance of the telephone line because of additional costs incurred by him in farming his adjacent lands, and the sum of $175 as damages occasioned by the claimed impairment of telephone service to his farm residence. He makes no claim that either of these items of damages resulted from any improper or negligent erection and maintenance of defendant's telephone line, but predicates his right to the recovery on the mere fact the defendant constructed and maintains its line on his property without any authority. As we have tried to make plain heretofore, we are of the opinion that such was not the case, and that plaintiff has shown no right to recover either item of damages.

We think plaintiff's position that the jury found as a matter of fact the telephone line was not erected and maintained in connection with any pipe line across, along or under the 3.63 acres of land, is not well taken. Plaintiff assumed, and the trial court assumed in submitting the issue to the jury, that under the law the defendant was under the necessity of erecting and maintaining its telephone line along the pipe line right-of-way. We have already determined that question to the contrary, and nothing need be added here to what has already been said.

We have not undertaken to notice separately each assignment and proposition and counter-proposition in this opinion. Each has been considered, however.

The judgment of the trial court is reversed and judgment will here be rendered for the Pipe Line Company.

### On Rehearing

The motion for rehearing suggests we may not have made plain the fact that plaintiff, as the owner of portions of Surveys 54, 55 and 61, abutting on the Rabb-Kuntz Road, owned the fee to the center of the road, subject only to the right-of-way easement. By the express terms of the dedication the fee ownership

of plaintiff extends to the center of the road.

We do not regard the opinion in this case as in any wise in conflict with McCammon & Lang Lbr. Co. v. Trinity & B. V. Ry. Co.

We adhere to our original holding that the erection of a telephone line near the margin of a public highway right-of-way is not inconsistent with the purpose for which the dedication is made, and, therefore, constitutes no additional servitude on the estate of the fee title and is not a taking without compensation.

Both the motion for rehearing and to certify are overruled.