**Tim GLEASON and Wife, Diana Gleason and Randy Estes and Wife, Susan Estes, Appellants,**

v.

**Albert A. TAUB, Appellee.**

**No. 2–04–110–CV.**

Court of Appeals of Texas, Fort Worth.

Oct. 20, 2005.

Rehearing Overruled Dec. 15, 2005.

S. Gary Werley, Fort Worth, for appellants.

Paul Francis, Fort Worth, for appellee.

PANEL B: LIVINGSTON, GARDNER, and McCOY, JJ.

## OPINION

ANNE GARDNER, Justice.

### INTRODUCTION

Appellants Tim and Diana Gleason and Randy and Susan Estes appeal from an order sustaining a plea to the jurisdiction

and granting summary judgment. We reverse and remand.

## FACTUAL AND PROCEDURAL BACKGROUND

Appellants allege that Appellee, Albert Taub, trespassed on their private property with a bulldozer, destroyed vegetation, and removed 16,000 cubic feet of dirt for use on another property where he was the construction manager. The affected part of the property is subject to a public drainage easement. Appellants sued Taub for trespass claiming that Taub's actions have damaged them by adversely affecting their visual enjoyment of the property and have shortened the life of their trees.

Taub filed a plea to the jurisdiction, arguing that Appellants did not have standing to sue for trespass. He also filed a motion for summary judgment, arguing that he did not owe Appellants a duty to refrain from entering the property and removing dirt because the property was subject to a public easement. Taub also argued that, as a matter of law, he had a right to enter the easement and remove dirt and vegetation because his action improved the flow of water through the easement. The trial court granted both the plea and the motion.

## DISCUSSION

Appellants argue two issues on appeal: (1) the trial court erred by ruling that Appellants lacked standing to sue and (2) the trial court erred by granting Taub's motion for summary judgment on all claims. We will address each issue in turn.

## STANDING

■ Standing is a necessary component of subject matter jurisdiction, which is essential to the authority of a court to decide a case. *Brunson v. Woolsey,* 63 S.W.3d 583, 587 (Tex.App.-Fort Worth 2001, no pet.). Standing is a question of law. *Id.* Without a breach of a legal right belonging to a plaintiff, that plaintiff has no standing to litigate. *Id.* A person has standing to sue when he or she is personally aggrieved by an alleged wrong. *Nootsie, Ltd. v. Williamson County Appraisal Dist.,* 925 S.W.2d 659, 661 (Tex.1996). Because the question of jurisdiction is a legal question, we apply the de novo standard of review. *Mayhew v. Town of Sunnyvale,* 964 S.W.2d 922, 928 (Tex.1998), *cert. denied,* 526 U.S. 1144, 119 S.Ct. 2018, 143 L.Ed.2d 1030 (1999).

■ A cause of action for injury to real property is a personal right that belongs solely to the owner of the property at the time the alleged injuries occurred. *Senn v. Texaco, Inc.,* 55 S.W.3d 222, 225 (Tex.App.-Eastland 2001, pet. denied); *Lay v. Aetna Ins. Co.,* 599 S.W.2d 684, 686 (Tex.Civ.App.-Austin 1980, writ ref'd n.r.e.). The granting of a public utility easement to the use and benefit of the public on a plat by the owner of a subdivision creates an easement in favor of the city, for the benefit of the public, with fee remaining in the owners and their successors in title. *Humble Oil & Ref. Co. v. Blankenburg,* 149 Tex. 498, 235 S.W.2d 891, 893 (1951). When an easement is dedicated to the public, possession and control of the surface are surrendered to the public, but ownership is not surrendered. *See Cont'l Pipe Line Co. v. Gandy,* 162 S.W.2d 755, 757 (Tex.Civ.App.-El Paso 1941, writ ref'd w.o.m.).

■ Taub argues that Appellants do not have standing to assert a claim for trespass or for damages to property within the public easement because Appellants are not the entity whose primary legal right has been breached. The land on which the trespass allegedly occurred is entirely

within a public floodway, drainage, and utility easement. Taub contends that because a public easement is superior to the right of the individual who owns the fee, only the public—in this case, the City of Arlington—can bring a suit for trespass on the public easement.

We find no Texas cases holding that a fee owner lacks standing to sue a private party for trespass on private property that is subject to a public easement. Indeed, many cases resolve just such disputes with no discussion or even mention of standing. *See, e.g., Grimes v. Corpus Christi Transmission Co.*, 829 S.W.2d 335 (Tex.App.-Corpus Christi 1992, writ denied) (resolving a dispute between a servient tenant and a gas company that laid a pipeline in a public easement); *Blackburn v. Brazos Valley Util., Inc.*, 777 S.W.2d 758 (Tex. App.-Beaumont 1989, writ denied) (resolving a dispute between servient tenant and a water utility company that laid a pipeline in a public easement).

Taub relies on *Pak–Mor Manufacturing Co. v. Brown*, 364 S.W.2d 89 (Tex.Civ. App.-San Antonio 1962, writ ref'd n.r.e.), for the proposition that only the dominant tenant—in this case, the City of Arlington—has standing to sue for trespass to a public easement. In that case, Pak–Mor built a dike and a fence across a public drainage and roadway easement *on its own property*. *Id.* at 90. The dike caused flooding on neighboring property. *Id.* The neighboring landowners sued Pak–Mor for

nuisance. *Id.* The appellate court upheld the judgment of the trial court requiring Pak–Mor to remove the dike because it caused damage to the neighboring property. *Id.* at 95. But the appellate court also held that the neighboring landowners lacked standing to complain about the fence. *Id.* at 96. While Pak–Mor built the fence in the easement, it was entirely on Pak–Mor's property and did not cause damage to the adjacent land. At most, the fence interfered with the disused roadway—something only the city or State could complain about. *Id.* From this holding, Taub jumps to the conclusion that only the city or State may *ever* sue for trespass on a public easement.

Our case is distinguishable from *Pak–Mor*. The key distinction is that Pak–Mor built its fence on *its own* property; Taub, on the other hand, entered on and removed dirt from *Appellants'* property. Pak–Mor neither trespassed on nor damaged its neighbors' land; therefore, the neighbors had no standing to complain about the fence. But in this case Taub allegedly trespassed on and damaged Appellants' property. Appellants, unlike Pak–Mor's neighbors, were directly affected by Taub's activity in the easement because they own the servient estate. Thus, *Pak–Mor* does not support Taub's standing argument.[1]

In this case Appellants are the owners of the underlying fee to the property that

1. Taub also cites *Jamail v. Stoneledge Condominium Owners Association*, 970 S.W.2d 673 (Tex.App.-Austin 1998, no pet.), *Hale County v. Davis*, 572 S.W.2d 63 (Tex.Civ.App.-Amarillo 1978, writ ref'd n.r.e.), and *Continental Pipe Line*, 162 S.W.2d at 755, for the proposition that a private citizen may not sue for any damage to a public easement. *Jamail* is not relevant because it is a nuisance case dealing with the placement of a gate across a public street where the appellants did not own the underlying fee. *Jamail*, 970 S.W.2d at 676.

*Continental Pipe Line* is distinguishable because it concerned the proper use of a roadway easement pursuant to a statutory grant. *Cont'l Pipe Line*, 162 S.W.2d at 757. *Hale* does not support Taub's argument at all because it holds that the underlying fee owner *does* have standing to sue when a pipeline for private use is placed beneath a public easement, though it is distinguishable from the present case in that something was added to the easement rather than being taken away. *Hale*, 572 S.W.2d at 65.

has directly been injured. Taub entered Appellants' property and removed dirt, allegedly damaging their property. Appellants have standing to sue because they own the property and their property rights have been aggrieved by the alleged wrong. *See Nootsie,* 925 S.W.2d at 661.

Because Appellants have standing to sue, the trial court erred by sustaining Taub's plea to the jurisdiction. We sustain Appellants' first issue.

## SUMMARY JUDGMENT

In a summary judgment case, the issue on appeal is whether the movant met his summary judgment burden by establishing that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. Tex.R. Civ. P. 166a(c); *S.W. Elec. Power Co. v. Grant,* 73 S.W.3d 211, 215 (Tex.2002); *KPMG Peat Marwick v. Harrison County Hous. Fin. Corp.,* 988 S.W.2d 746, 748 (Tex.1999); *City of Houston v. Clear Creek Basin Auth.,* 589 S.W.2d 671, 678 (Tex.1979). The burden of proof is on the movant, and all doubts about the existence of a genuine issue of material fact are resolved against the movant. *Limestone Prods. Distrib., Inc. v. McNamara,* 71 S.W.3d 308, 311 (Tex.2002); *Rhone–Poulenc, Inc. v. Steel,* 997 S.W.2d 217, 223 (Tex.1999); *Friendswood Dev. Co. v. McDade & Co.,* 926 S.W.2d 280, 282 (Tex.1996); *Great Am. Reserve Ins. Co. v. San Antonio Plumbing Supply Co.,* 391 S.W.2d 41, 47 (Tex.1965). Therefore, we must view the evidence and its reasonable inferences in the light most favorable to the nonmovant. *Limestone Prods.,* 71 S.W.3d at 311; *Great Am.,* 391 S.W.2d at 47. A defendant is entitled to summary judgment if the summary judgment evidence establishes, as a matter of law, that at least one element of a plaintiff's cause of action cannot be established.

*Elliott–Williams Co. v. Diaz,* 9 S.W.3d 801, 803 (Tex.1999).

In his motion for summary judgment Taub claims that, as a matter of law (1) he owed Appellants no duty to refrain from entering the drainage and utility easement or removing dirt from the easement, and (2) he had a right to go into the area to improve the flow of water by moving dirt and removing vegetation because such actions are within the scope of the easement. We disagree.

In support of his claim that he owed no duty to Appellants, Taub cites *Langston v. State,* 812 S.W.2d 406, 408 (Tex.App.-Houston [14th Dist.] 1991), *aff'd* 855 S.W.2d 718 (Tex.Crim.App.1993), for the proposition that a person who is in a public easement does not commit a trespass against a private landowner adjoining the easement. The court in *Langston* did hold that protestors in the roadway easement outside of an abortion clinic were not guilty of criminal trespass, but it conditioned its holding by stating that it so held because the State had failed to prove that the clinic owned the servient estate where the easement was located. *Id.*

To succeed under *Langston,* Taub needed to show conclusively that Appellants did not own the property where the alleged trespass took place. *Id.* Taub's summary judgment evidence proves just the opposite: Appellants do own the property where the alleged trespass took place, subject to the City of Arlington's drainage and utilities easement. Because Taub has not conclusively disproved Appellants' ownership of the property, he has failed to show as a matter of law that he owed no duty to Appellants. *See id.*

Taub also claims that as a matter of law he had a right to enter the easement and conduct activities within the scope of the easement, specifically, to im-

prove drainage. In support of his motion for summary judgment, Taub presented the uncontroverted affidavit of professional engineer and registered public surveyor Dustin Zimmerman, who stated that, in his opinion, the movement of dirt and vegetation improved the flow of water and drainage in the easement and that those actions did not exceed the "typical usages" that are made of floodway, drainage, and utility easements.

■■■ Taub relies on *Peterson v. Barron,* 401 S.W.2d 680, 686 (Tex.Civ.App.-Dallas 1966, no writ), and *City Public Service Board of San Antonio v. Karp,* 585 S.W.2d 838, 841–42 (Tex.Civ.App.-San Antonio 1979, no writ), for the proposition that a public drainage and utility easement may be altered in any way consistent with the scope and intent of the use of the public easement. Taub fails to consider important aspects of these two holdings. *Peterson* holds that the *city* has a right to alter and use a public drainage and utility easement in any method consistent with the easement's purpose. *Peterson,* 401 S.W.2d at 686. *Karp* holds that the easement may be used by the *dominant tenant* in a manner that is not inconsistent with the purpose for which it was created. *Karp,* 585 S.W.2d at 841–42. In this case, Taub is neither the city nor the dominant tenant. The city or dominant tenant has an absolute right to alter the easement in a manner consistent with its purpose. *See Carter v. Lee,* 502 S.W.2d 925, 930 (Tex. Civ.App.-Beaumont 1973, writ ref'd n.r.e.) (holding that a municipality has the exclusive right to control the drainage of surface water within its city limits). Nothing in the law suggests Taub was exalted above the status of a rank trespasser merely because his activities on Appellants' property happened to be consistent with the public's easement.

Because Taub failed to meet his summary judgment burden of establishing that he is entitled to judgment as a matter of law, the trial court erred by granting his motion for summary judgment. We sustain Appellants' second issue.

## CONCLUSION

Having sustained both of Appellants' issues, we reverse and remand to the trial court for further proceedings. *See* TEX. R.APP. P. 43.2(d).