Reversed and Rendered and Majority and Dissenting Opinions filed June 7,
2007








Reversed and Rendered and
Majority and Dissenting Opinions filed June 7, 2007.

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-05-00851-CV

_______________

 

YASUDA FIRE AND MARINE INSURANCE COMPANY OF AMERICA
and SOMPO JAPAN INSURANCE CO. OF AMERICA, Appellants

 

V.

 

MILLER CRIACO d/b/a CRIACO & CORTEGUERA, Appellee

                                                                                                                                                

On Appeal from 405th District Court

Galveston County, Texas

Trial Court Cause No. 04CV0847

                                                                                                                                               


 

D I S S E N T I N G   O P I N I O N








A plaintiff must have standing to
bring a lawsuit.  Austin Nursing Ctr., Inc. v. Lovato, 171 S.W.3d 845,
848 (Tex. 2005).  An opinion issued in a case brought by a party who lacks
standing is an advisory opinion which courts are constitutionally prohibited
from issuing by the separation of powers doctrine.  Tex. Ass=n of Bus. v. Tex. Air Control Bd., 852 S.W.2d 440, 445-46 (Tex.
1993).  Therefore, without standing, a court lacks subject matter jurisdiction
to hear the case.  Lovato, 171 S.W.3d at 849.  Standing cannot be waived
and may be raised at any time,[1] including for
the first time on appeal by either a party or the court sua sponte.  Tex.
Ass=n of Bus., 852 S.W.2d at 445-46.  If a trial court lacks subject matter
jurisdiction, an appellate court may make no order other than reversing the
judgment of the trial court and ordering the case dismissed.  City of
Garland v. Louton, 691 S.W.2d 603, 605 (Tex. 1985); see Douglas v. Delp,
987 S.W.2d 879, 882 (Tex. 1999).

Standing deals with whether a
litigant is the proper person to bring the lawsuit. West v. Brenntag Sw.,
Inc., 168 S.W.3d 327, 334 (Tex. App.CTexarkana 2005, pet. denied).  That
is, whether the party has a sufficient stake in an otherwise justiciable
controversy to obtain a judicial resolution of his claim.  Sierra Club v.
Morton, 405 U.S. 727, 731-32 (1972).  Without a breach of a legal right
belonging to a plaintiff, that plaintiff has no standing to litigate.  Gleason
v. Taub, 180 S.W.3d 711, 713 (Tex. App.CFort Worth 2005, pet. denied).  A
person may not sue for the breach of a contract unless he is a party or
third-party beneficiary to the contract.  See, e.g., Williams v. Eggleston,
170 U.S. 304, 309 (1898); MCI Telecomms. Corp. v Tex. Utils. Elec. Co.,
995 S.W.2d 647, 651 (Tex. 1999); House v. Houston Waterworks Co., 88
Tex. 233, 31 S.W. 179, 179 (1895).

In this case, Criaco sued for the
breach of a Rule 11 agreement and a settlement agreement.  The Rule 11
agreement consists of a letter from Criaco to counsel for Sompo, stating, in
part:

The following will serve as our Rule
11 Agreement regarding the resolution of the [UIM lawsuit]. [Robinson] will
release any and all claims that exist against Defendants . . . .  Defendants
will tender the sum of $385,000.00 to this office and Defendants will repay and
be responsible for payment of the outstanding workers compensation lien.








The settlement agreement states that
it is entered into between the parties to the UIM lawsuit, including Robinson
and Sompo, but not Criaco.[2]  Among other
things, the settlement agreement contains a warranty by Robinson and his
attorney that there either are no outstanding liens or claims for attorney=s fees, or that any such liens and
claims will be satisfied out of the settlement proceeds, except Aoutstanding worker=s compensation liens, if any, which
will be the responsibility of The Released Parties.@  The settlement agreement obligates
Sompo to make one payment of $385,000 to Robinson and Criaco.[3]








After filing this lawsuit, Criaco
filed a succession of motions for summary judgment, asserting a claim for
breach of the agreements.  The motions contend that the workers= compensation lien amount of
$81,414.19 was payable to Cunningham Lindsay, the subrogation entity, and that
Criaco was entitled to receive $27,000 of that amount as a statutory attorney=s fee.[4] 
The trial court ultimately awarded Criaco that amount plus $10,000 in attorney=s fees.

Although the Rule 11 agreement and
settlement agreement obligate Sompo to be responsible for payment of the
outstanding workers= compensation lien, neither specifies a payee or any terms
for such a payment.  Nor do Criaco=s pleadings or summary judgment
motions demonstrate, or even allege, that Criaco was a party to, third-party
beneficiary of, or assignee of either of the agreements such that it had
standing to assert any claim for their alleged breach, and particularly for a
breach of the obligation to pay the workers= compensation lien that was not held
by Criaco, or otherwise payable to Criaco under the agreements.








Because Criaco was not a party,
assignee, or third-party beneficiary of either of the agreements, any breach of
those agreements was not a breach of a legal right belonging to him, and he was
not a proper person to bring suit to enforce those agreements.  Whether or not
courts have labeled such a deficiency as a lack of standing, that is
nevertheless what it is, and there is no other basis upon which a party can
lack standing to assert a contract claim.  Therefore, unless: (1) the concept
of standing simply does not apply to a contract action; (2) standing is not a
component of subject matter jurisdiction in a contract action; or (3) a lack of
subject matter jurisdiction does not deprive a court of jurisdiction in  a
contract action, then Criaco=s lack of standing for the claims he asserted deprived the
trial court of subject matter jurisdiction to adjudicate those claims, and we
can only vacate or reverse the judgment of the trial court and order those
claims dismissed for want of jurisdiction.

 

 

________________________________

/s/        Richard H. Edelman

Justice

 

Judgment rendered and Majority and
Dissenting Opinions filed June 7, 2007.

Panel consists of Justices Anderson,
Edelman, and Frost. (Frost, J., majority).









[1]           West Orange-Cove Consol. Indep.
Sch. Dist. v. Alanis,
107 S.W.3d 558, 583 (Tex. 2003).





[2]           The only copies of this agreement
in our record are signed only by Robinson.





[3]           It is undisputed that Sompo made
this payment.





[4]           Where, as here, an employee, who has
been injured and received workers compensation benefits, also seeks damages
from a third-party tortfeasor, the workers= compensation carrier is subrogated
to the rights of the employee to the extent of the benefits it has paid.  See
Tex. Lab. Code Ann. ' 417.001(a), (b) (Vernon 2006); Tex. Workers Comp. Ins.
Fund v. Alcorta, 989 S.W.2d 849, 851 (Tex. App.CSan Antonio 1999, no pet.).  In that
event, the net amount recovered by the claimant in the third-party action is
applied to reimburse the workers= compensation carrier for the
benefits it has paid.  Tex. Lab. Code Ann. ' 417.002(a) (Vernon 2006).  In
addition:

(a)  An insurance carrier whose interest is not
actively represented by an attorney in a third-party action shall pay a fee to
an attorney representing the claimant in the amount agreed on between the
attorney and the insurance carrier. In the absence of an agreement, the court
shall award to the attorney payable out of the insurance carrier=s recovery:

 

(1) a reasonable fee for recovery of the insurance
carrier=s interest that
may not exceed one-third of the insurance carriers recovery; . . . .

 

*          *          *

(d)  For purposes of determining the
amount of an attorney=s fee under this section, only the amount recovered
for benefits . . . that have been paid by the insurance carrier may be
considered.

Tex. Lab. Code Ann. ' 417.003(a), (d) (Vernon 2006)
(emphasis added).  Reading sections 417.001-.003 together, an award of attorney=s fees under section 417.003 requires
both that an amount be recovered by a subrogated insurance carrier, and that it
be recovered from the amount recovered by the claimant in the third-party
action.  In this way, where the efforts of a claimant=s attorney to obtain a recovery for
the claimant also inures to the benefit of the subrogated insurance carrier
that receives a portion of that recovery, the claimant=s attorney receives a fee for the
portion being paid to the subrogated carrier (as well as the remainder going to
the claimant) so that the attorney is compensated the entire recovery his
efforts have obtained without being penalized for the fact that part of it
happens to go to the carrier.

In this
case, rather than recovering any of the workers= compensation benefits it paid from the amount recovered by Robinson in
settlement of the third-party UIM lawsuit, Sompos=s obligation under the agreements to pay the workers= compensation lien, i.e. to itself, amounted to
a relinquishment of its rights to subrogation and thus no recovery of any
benefits it had paid to Robinson from the amount Robinson recovered in the
third-party action.  Because Robinson=s
recovery was not reduced to reimburse the subrogated insurance carrier, Criaco=s fee on Robinson=s
recovery was never reduced so as to warrant any payment of a compensating fee
under section 417.003.  Criaco=s position thus
seeks to obtain a fee calculated as if there had been a third-party recovery
for Robinson of $466,414 ($385,000 + $81,414) that was then reduced by a
payment of $81,414 to Sompo as the subrogated workers= compensation carrier, which was not the case.