**Opinion issued February 7, 2017**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-15-00775-CV

———————————

**ADRIENE SIBLEY, Appellant**

**V.**

**SEMINOLE PIPELINE COMPANY, LLC, ENTERPRISE PRODUCTS OPERATING, LLC, FIRST CALL FIELD SERVICES CORP., AND TDW SERVICES, INC., Appellees**

———————————

**On Appeal from the County Court at Law No. 3**
**Brazoria County, Texas**
**Trial Court Case No. CI50979**

———————————

## MEMORANDUM OPINION

This is a dispute about access to an easement for maintenance of a pipeline.

In eight issues, Adriene Sibley seeks reversal of the trial court's judgment in whole

or part. She contends that her claims should not have been dismissed, and that the

judgment is void because the trial judge was disqualified. She also raises various objections to sanctions imposed against her.

We affirm.

## Background

On February 6, 2014, Seminole Pipeline Company, LLC filed suit against Adriene Sibley and several others in the Brazoria County court at law. Seminole alleged that the defendants' predecessors in interest had granted it easements to access and maintain its pipeline, but that the defendants were interfering with its right to do so. Seminole alleged that the defendants installed a lock on an access gate to the property and that Sibley, acting as the defendants' representative, threatened to file suit against the company for trespassing outside of the easement unless it paid them $120,000. Seminole alleged breach of contract and it sought an injunction restraining the defendants from interfering with its maintenance and repairs.

The trial court issued a temporary restraining order the day the suit was filed. The order required the defendants to refrain from denying access to the easement and to refrain from interfering with Seminole's maintenance and repairs.

On February 12, 2014, Sibley, representing herself, filed a petition for a writ of mandamus contending that the trial court erred by entering the temporary restraining order. She also filed a motion for emergency stay and a motion to review the amount of Seminole's bond for the temporary restraining order. Two days later

2

this court denied her petition and motions. *See In re Sibley*, No. 01-14-00134-CV, 2014 WL 689692 (Tex. App.—Houston [1st Dist.] Feb. 14, 2014, orig. proceeding) (per curiam) (mem. op.).

The trial court was scheduled to hear Seminole's request for a temporary injunction on February 18, 2014, but that morning Sibley removed the suit to the United States District Court for the Southern District of Texas. Seminole moved to remand the suit to state court, and on March 31, 2014, the federal district court did so. Sibley appealed from the district court's remand order, and the United States Court of Appeals for the Fifth Circuit dismissed her appeal for lack of jurisdiction on July 28, 2014.

After the remand, Seminole filed an amended petition in which it named only Sibley as a defendant. That pleading alleged breach of contract, but it did not seek injunctive relief. Seminole also filed a motion for summary judgment, which was set for hearing on August 21, 2014.

On August 1, 2014, Sibley removed the suit to the United States District Court for the Southern District of Mississippi. She based this second notice of removal in part on her alleged relocation to Mississippi.

Despite having removed the case to federal court, Sibley continued filing documents in the Brazoria County court. On August 14, 2014, Sibley responded to Seminole's summary-judgment motion. That same day she filed a motion to recuse

the judge presiding over the Brazoria County court at law, Judge Jeremy Warren. In her recusal motion, Sibley alleged that Judge Warren had an ex parte communication with Seminole's counsel about the filing of the original remand order and that this communication showed bias in the company's favor. She alleged additional irregularities, including an allegation that the court coordinator told her that Judge Warren intended to proceed with the case despite the removal. Judge Warren immediately referred Sibley's recusal motion to the presiding judge of the Second Administrative Judicial Region, Judge Olen Underwood. On August 20, 2014, Judge Underwood denied the recusal motion because it complained "of the trial judge's rulings and actions in the case," but it did not allege "extrajudicial conduct on the part of the trial judge that would constitute a basis for recusal."

On January 16, 2015, the United States District Court for the Southern District of Mississippi remanded the suit to Judge Warren. It denied Seminole's request for its attorney's fees as sanctions.

After the suit was remanded back to Judge Warren, Sibley filed her answer, a counter-petition, and a third-party petition on February 19, 2015. She asserted several causes of action against Seminole and named Enterprise Products Operating, LLC as a third-party defendant. On February 27, 2015, Sibley filed an amended third-party petition in which she additionally named First Call Field Services Corp. and TDW Services, Inc. as third-party defendants. On that same date she also filed

4

a plea to the jurisdiction, a motion to dismiss Seminole's breach of contract claim, and a motion to transfer venue.

On March 3, 2015, Sibley filed a petition for a writ of prohibition or mandamus and a motion for emergency stay of the trial court proceedings, contending that the trial court had no jurisdiction over the suit because Seminole had no contract with her, it had voluntarily ceased its maintenance and repair operations, and its claims were not ripe. She also requested an order directing the trial court to act on her motion to transfer venue. This court denied her petition and dismissed her emergency motion as moot. *See In re Sibley*, No. 01-15-00196-CV, 2015 WL 1244317 (Tex. App.—Houston [1st Dist.] Mar. 13, 2015, orig. proceeding) (per curiam) (mem. op.).

In March and April 2015, Sibley amended her pleadings several times. Her final operative pleadings were her fifth amended counterclaim and amended answer and her amended third-party petition. In the former, she sought declaratory relief and alleged causes of action against Seminole for civil conspiracy, intentional invasion or interference with property rights, abuse of process, and negligence. In the latter, she alleged intentional infliction of emotional distress against Enterprise and unjust enrichment against First Call and TDW. She also served discovery directly on several nonparty employees of the defendants. During this same period of time,

5

Seminole filed its second amended petition and answer, and Enterprise, First Call, and TDW answered. These parties also filed several motions, including:

- Seminole's motion to sanction Sibley for improperly removing the case twice to prevent hearings on its request for a temporary injunction and motion for summary judgment;

- Seminole and Enterprise's motion to require Sibley to file proof of service of all filings based on her alleged failure to serve multiple filings on counsel of record;

- Seminole and Enterprise's motion to quash Sibley's discovery requests served on nonparty employees;

- Seminole and Enterprise's motion to show cause why Sibley's claims should not be dismissed for lack of standing, which TDW joined; and

- First Call's motion to show cause why Sibley's claims should not be dismissed for lack of standing.

The motions concerning Sibley's standing, her nonparty discovery requests, and sanctions were set for hearing on April 24, 2015. In the interim, however, Sibley filed a second motion to recuse Judge Warren. In her April 13, 2015 recusal motion, Sibley alleged that Judge Warren should recuse himself because she intended to call him as "as a material witness concerning the hearing for an ex parte temporary restraining order." She also sought his recusal on the basis that he did not refer an Enterprise employee to the district attorney for allegedly making a false affidavit in support of the temporary restraining order.

Judge Warren did not learn of this second recusal motion until the April 24 hearing was underway. Counsel for Seminole and Enterprise represented that they

6

had not been served with the second recusal motion, which they apparently discovered in the court's file on the day before the hearing. Judge Warren found that sparing counsel the burden of coming to court a second time constituted good cause to allow them to argue their motions on the record, but he stated that he would not rule or take any further action until the second recusal motion had been decided. Sibley was not present for argument. Two days before the hearing, she had filed a "notice of nonappearance," in which she stated that she would not attend any hearings noticed by Seminole because it had not served her with process.

Judge Warren referred the second recusal motion to Judge Underwood on April 24, 2015. On May 4, 2015, Judge Underwood assigned the motion to Judge Ed Denman of the 412th District Court. The following day, Judge Denman's court coordinator notified the parties that the court would hear the second recusal motion on May 11, 2015.

On May 11, 2015, approximately an hour and a half before the hearing on Sibley's second motion to recuse Judge Warren, she filed a motion to recuse or disqualify Judge Denman. Sibley alleged that Judge Denman was presiding over a lawsuit between her and other parties regarding the ownership of the same tract of land at issue in the Seminole easement dispute, and that the judge had held an "ex parte status hearing and communications with attorneys" in that suit, which she contended made him "a material witness." She also alleged that, as a resident of

Brazoria County, Judge Denman had an interest in the easement dispute due to Seminole and Enterprise's alleged release of "an unidentified hazardous chemical substance into the atmosphere or environment" of the county.

Judge Denman declined to recuse himself and referred Sibley's motion to recuse or disqualify him to Judge Underwood. Judge Denman also ruled that the recusal statute allowed him to resolve Sibley's motion to recuse Judge Warren, because she had filed three recusal motions in this suit. He then denied Sibley's second motion to recuse Judge Warren for lack of supporting proof. He further found that her second recusal motion was "groundless and filed for the purpose of harassment, and was clearly brought for unnecessary delay in this case," and sanctioned her for $4,000 for the attorney's fees incurred by Seminole. Sibley did not attend this hearing.

Subsequently, on the afternoon on May 11, 2015, Judge Warren granted Seminole's motion for sanctions. The trial court found that Sibley's removals were filed for the improper purpose of preventing hearings on Seminole's motions and imposed $3,750 in sanctions for the attorney's fees incurred by Seminole. Judge Warren also granted Seminole and Enterprise's motion to quash Sibley's discovery and their motion to require her to file proof of service of all filings.

On May 12, 2015, Judge Underwood denied Sibley's motion to recuse or disqualify Judge Denman. He found that Sibley's motion failed to state facts with

the detail and particularity required to support a motion for recusal or disqualification. He also found that her motion was "clearly brought for unnecessary delay."

On May 22, 2015, Seminole and Enterprise filed a motion to strike Sibley's pleadings based on her obstruction and delay of the suit, including but not limited to her improper removals to federal court. Four days later, Seminole moved to nonsuit its own claims.

The trial court held a hearing on May 26, 2015. Sibley once again did not attend. At the hearing, the trial court invoked its inherent authority to strike Sibley's claims against Seminole and Enterprise based on her "bad faith abuse of the judicial process," which could not be deterred by lesser sanctions. The court also dismissed all of Sibley's claims for lack of standing because they were premised on possession of an ownership interest in the property subject to the easements, but she had "failed to submit competent evidence sufficient to establish an ownership interest." The trial court memorialized both of these rulings in written orders and entered an order granting Seminole's nonsuit. It then entered a final judgment which provided that Sibley take nothing on her claims.

Sibley filed a motion to vacate, modify, reform, or correct the judgment, which was denied by operation of law. She appealed.

## Analysis

### I. Trial court's disqualification

In her eighth issue, Sibley contends that the trial court's judgment is void because Judge Warren was disqualified from hearing the suit. *See* TEX. CONST. art. 5, § 11; TEX. R. CIV. P. 18b(a)(1)–(2). Sibley argues that the judge assumed the role of counsel in the case by directing the court clerk to serve hearing notices on her and that he developed a pecuniary interest in the suit when the court incurred costs by issuing these notices to her via certified mail. As Sibley did not assert these grounds for disqualification in either of her motions to recuse Judge Warren, in her motion to vacate the judgment, or in any other filing in the trial court, we review this issue de novo. *McElwee v. McElwee*, 911 S.W.2d 182, 185 (Tex. App.—Houston [1st Dist.] 1995, writ denied).

As a matter of law, Judge Warren was not disqualified. A judge is disqualified by virtue of having been counsel in a case only if he represented parties in the litigation. *F.S. New Prods. v. Strong Indus.*, 129 S.W.3d 594, 600 (Tex. App.—Houston [1st Dist.] 2003, no pet.) (en banc). A judge has a disqualifying pecuniary interest in a suit only if he will directly incur financial gain or loss as a result of the judgment. *Id.* at 599. Sibley does not assert that Judge Warren represented a party to this suit in this matter or that any judgment rendered would directly affect him financially. The action she complains of—directing the court's administrative

10

personnel to notify a party of hearings—is a legitimate judicial function. *See, e.g.*, *Valdez v. Valdez*, 930 S.W.2d 725, 729 (Tex. App.—Houston [1st Dist.] 1996, no writ) (trial court directed clerk to notify party of hearing).

We overrule Sibley's eighth issue.

## II. Sanctions, Seminole's standing, and Sibley's recusal motions

On appeal, Sibley does not assert that the trial court abused its discretion by sanctioning her. Instead, in her first, third, fourth, and fifth issues, she contends that the monetary sanctions incorporated into the trial court's final judgment cannot stand for three distinct reasons. She argues that: (1) Seminole had no standing to bring its claim for breach of contract and thus could not seek sanctions; (2) both underlying sanctions orders were void because Judges Denman and Warren had recusal motions pending against them when they sanctioned her; and (3) Judge Denman's sanctions order also was void because Sibley had no notice of the hearing and because Judge Warren participated in Judge Denman's hearing. Sibley additionally appears to contend in her third issue that the judgment itself is void in its entirety because it was rendered while one of her motions to recuse Judge Warren was pending. These issues present questions of law, which we review de novo. *See In re Humphreys*, 880 S.W.2d 402, 404 (Tex. 1994).

11

## A.    Seminole's standing

Seminole's standing to bring a contract claim is immaterial to the sanctions imposed on Sibley. Judges Denman and Warren imposed sanctions on Sibley on May 11, 2015. By that time Sibley had appeared in the suit as a party and alleged causes of action against Seminole, Enterprise, First Call, and TDW. A trial court may sanction any party who appears before it and engages in litigation misconduct prohibited by rule or statute. *See, e.g.*, TEX. R. CIV. P. 13; TEX. CIV. PRAC. & REM. CODE §§ 10.001–.002. Under its inherent authority, a trial court also may sanction parties for abusing the legal process in a manner not expressly prohibited by rule or statute. *See Metzger v. Sebek*, 892 S.W.2d 20, 50–51 (Tex. App.—Houston [1st Dist.] 1994, writ denied). The judges' authority to sanction Sibley for her own misconduct was not dependent on Seminole's standing to bring a contract claim.

We overrule Sibley's first issue.

## B.    Pending recusal motions

In general, a trial court commits reversible error by imposing sanctions or entering other orders while a motion to recuse is pending. *See Metzger*, 892 S.W.2d at 49–50. This general rule, however, is not dispositive on the particular facts of this case.

Judge Warren did not impose sanctions while a motion to recuse him was pending. He signed his sanctions order at 2:55 p.m. on the afternoon of May 11,

2015, and he signed the final judgment on May 26, 2015. Judge Underwood had denied Sibley's first motion to recuse Judge Warren nearly a year earlier, on August 20, 2014. Judge Denman denied Sibley's second motion to recuse Judge Warren during a hearing held on the morning of May 11, 2015. Thus, both recusal motions directed at Judge Warren had been denied when he sanctioned Sibley and signed the final judgment. Sibley disputes this conclusion on two separate grounds. She contends that her first recusal motion remained pending because Judge Underwood's order denying it was void, given that he signed it after she removed the case to federal court. Sibley also contends that regardless of when he imposed sanctions, Judge Warren heard Seminole's motion for sanctions on April 24, 2015, while her second recusal motion against him was pending.

Regarding Judge Underwood's denial of Sibley's first recusal motion, it is true that he did so on August 20, 2014, while her suit was in federal court. This court recognizes that state courts are to proceed no further after a notice of removal. 28 U.S.C. § 1446(d); *In re Sw. Bell Tel. Co.*, 235 S.W.3d 619, 624 (Tex. 2007). But because Sibley filed her recusal motion after she had removed the suit to federal court, Judges Warren and Underwood did not err by acting on her motion when they did; the rules of procedure required them to do so promptly. *See* TEX. R. CIV. P. 18a(f)–(g) (requiring respondent judge to recuse himself or refer motion to presiding judge within three business days; requiring presiding judge to rule on motion or

assign it to another judge; and mandating that motion "must be heard as soon as practicable"); *see also Hudson v. Tex. Children's Hosp.*, 177 S.W.3d 232, 235 (Tex. App.—Houston [1st Dist.] 2005, no pet.) ("The Texas Supreme Court has held that the recuse or refer procedure is mandatory."). Under these circumstances, we hold that Judge Underwood's order denying Sibley's first recusal motion is not void by virtue of having been signed and entered after removal, given that it did not affect the merits of the removed suit or interfere with the federal court's exercise of jurisdiction over the suit. *Compare In re Bennett*, 960 S.W.2d 35, 39–40 (Tex. 1997) (state court may sanction counsel after removal for pre-removal misconduct so long as sanctions do not affect merits of removed case despite 28 U.S.C. § 1446(d)), *with Meyerland Co. v. F.D.I.C.*, 848 S.W.2d 82, 83 (Tex. 1993) (appellate court's order dismissing appeal after removal to federal court held void under 28 U.S.C. § 1446(d)).

Moreover, even if Judge Underwood's post-removal consideration of Sibley's recusal motion were error, a "party cannot complain on appeal that the trial court took a specific action that the complaining party requested." *Tittizer v. Union Gas*, 171 S.W.3d 857, 862 (Tex. 2005). Nor can a party complain on appeal about errors she did not raise below. TEX. R. APP. P. 33.1(a). Judges Warren and Underwood did no more than Sibley requested when they acted on her first recusal motion in the timeframe required by the rules. Sibley did not withdraw her motion or seek to enjoin

14

the state court from acting on it. *See Frith v. Blazon-Flexible Flyer*, 512 F.2d 899, 901 (5th Cir. 1975) (federal courts may enjoin state proceedings after removal). Nor did she object to the timing of Judge Warren's referral or Judge Underwood's consideration of or ruling on her motion after the case was remanded back to the state trial court. Therefore, Sibley may not complain on appeal that Judges Warren or Underwood erred by acting on her first recusal motion when they did.

Regarding the April 24, 2015 hearing, it is true that Judge Warren held it while Sibley's second motion to recuse him was undecided, but he did not err in doing so under the circumstances. When a motion to recuse is filed before the evidence is offered at trial, the judge "must take no further action in the case until the motion has been decided, except for good cause stated in writing or on the record." TEX. R. CIV. P. 18a(f)(2)(A). Judge Warren found that good cause existed to allow the hearing to go forward. Seminole and Enterprise's attorneys represented that they had not been served with the second motion to recuse Judge Warren and only learned of its existence the day before the hearing. Judge Warren allowed counsel to present argument on the motions set for April 24 so that counsel did not have to return to court on a later date, but he advised that he that would not rule on any motions until the recusal issue was resolved. Given Judge Warren's explicit finding of good cause, which Sibley does not challenge on appeal, he was entitled to proceed with the

15

hearing. *Cf. Carson v. Gomez*, 841 S.W.2d 491, 493 (Tex. App.—Houston [1st Dist.] 1992, no writ) (reversing where no finding of good cause was made).

In contrast, Judge Denman did impose sanctions on Sibley while her motion to recuse him was pending, but we hold that he did not err by doing so because this was Sibley's third recusal motion in the suit. *See* TEX. CIV. PRAC. & REM. CODE § 30.016(b) (permitting judge to decline to recuse and continue to preside, sign orders, and move case to final disposition as if recusal motion had not been filed when same party files three or more recusal motions). Sibley contends that her motion to recuse Judge Denman did not qualify as a tertiary recusal motion. She argues that her first motion to recuse Judge Warren was a nullity, because she inadvertently filed it after she already had removed the suit to federal court, and that it therefore cannot be included in the tally of her motions. By its plain language, however, the statute regarding tertiary recusal motions applies whenever a party has "filed" three or more recusal motions against any judge. *Id.* § 30.016(a); *Gonzalez v. Guilbot*, 315 S.W.3d 533, 539–41 (Tex. 2010). That Sibley should not have filed her first recusal motion in state court when she did does not alter the fact that she did so. *Cf. Henke Grain Co. v. Keenan*, 658 S.W.2d 343, 346 (Tex. App.—Corpus Christi 1983, no writ) (removal did not affect party's ability to file motion for new trial in state court or negate effectiveness of that filing; it merely prevented state court from ruling on motion until remand).

We overrule Sibley's third and fourth issues.

## C.     Notice and Judge Warren's participation

Sibley contends that she did not receive proper notice of Judge Denman's May 11, 2015 hearing on her second motion to recuse Judge Warren because she was only notified by email. Judge Denman stated on the record that his court coordinator sent Sibley notice of the hearing on May 5, 2015. In addition to sending this notice by mail, his court coordinator emailed it to Sibley at the email address she provided in her motion. This is adequate proof of service absent allegations and evidence of nonreceipt. *See* TEX. R. CIV. P. 21a. Sibley does not assert nonreceipt and there is no evidence suggesting nonreceipt. To the contrary, the record shows that Sibley knew of the hearing and requested permission to attend by telephone. To the extent that Sibley contends that she was entitled to separate notice that sanctions were possible for filing a recusal motion without sufficient cause in order to delay proceedings, the recusal rule itself provides for sanctions without imposing any notice requirements other than notice of the hearing on the motion. TEX. R. CIV. P. 18a(g)(6), (h).

Sibley further contends that Judge Warren "acted as counsel and aligned himself" with Seminole in opposition to her second recusal motion and thereby improperly participated in the hearing held by Judge Denman. The hearing transcript shows that Judge Warren was not present and Sibley does not contend otherwise. Instead, she argues that the trial court's case summary shows that Judge Warren sent

17

"a note with legal advice" to Seminole's attorneys. The case summary, which is the trial court's electronic docket sheet, indicates that Seminole filed a proposed order denying Sibley's second recusal motion and sanctioning her. The docket entry for this filing contains the following notation: "Unsigned; Returned from Judge with Note to Bring to Court with Judge Denman at 9:30 am 5/11/15." The actual note from the judge is not in the record, and this cursory docket entry made by a member of the court's administrative staff is not evidence. *See In re Bill Heard Chevrolet*, 209 S.W.3d 311, 315 (Tex. App.—Houston [1st Dist.] 2006, orig. proceeding). At any rate, the docket entry is nothing more than an instruction to counsel to present the proposed order to the judge hearing the recusal motion, rather than the judge who is the subject of the motion. That instruction is not legal advice and does not constitute participation in the hearing.

We overrule Sibley's fifth issue.

## III.    Dismissal and take-nothing judgment

In her second issue, Sibley contends that the trial court erred by dismissing her claims and entering a take-nothing judgment against her for lack of standing. In her sixth and seventh issues, she contends that the trial court erred at least to the extent of dismissing her claims against First Call and TDW Services as they did not seek this dismissal and admitted liability by failing to answer requests for admissions.

18

We review de novo whether Sibley had standing to assert her claims for affirmative relief. *Tran v. Hoang*, 481 S.W.3d 313, 316 (Tex. App.—Houston [1st Dist.] 2015, pet. denied). Because standing is jurisdictional in nature, a trial court should hear evidence on this issue, if necessary, before allowing a suit to proceed. *Wheelbarger v. City of El Lago*, 454 S.W.3d 55, 59 (Tex. App.—Houston [1st Dist.] 2014, pet. denied). The burden of proof is on the party asserting standing. *Country Cmty. Timberlake Village v. HMW Special Util. Dist. of Harris & Montgomery Ctys.*, 438 S.W.3d 661, 667 (Tex. App.—Houston [1st Dist.] 2014, pet. denied). If the party fails to establish her standing, then her claims must be dismissed. *Compton v. Pfannenstiel*, 428 S.W.3d 881, 885 (Tex. App.—Houston [1st Dist.] 2014, no pet.).

In the trial court, Seminole, Enterprise, First Call, and TDW each asserted that Sibley's claims for affirmative relief depended on her possession of a property interest in the land subject to the easements and that she could not show that she possessed one. Sibley did not dispute below and does not dispute on appeal that all of her claims in this litigation are predicated on her possession of "an ownership interest in the tract of land where Seminole's easement is located." Instead she argues that she has shown that she has the requisite property interest necessary to confer standing. We disagree.

As proof of her interest in the property, Sibley primarily relies on a summary judgment rendered by the 239th District Court of Brazoria County in an unrelated

19

lawsuit that decreed she possessed a property interest in the subject real property. Sibley, however, appealed from that summary judgment and secured its reversal. *See Sibley v. Robinson*, No. 01-14-00454-CV, 2015 WL 4260361, at \*2–3 (Tex. App.—Houston [1st Dist.] July 14, 2015, no pet.) (mem. op.). Of significance to this lawsuit, the *Robinson* litigation showed that ownership of the subject property was in dispute. That lawsuit concerned the partition of the real property in question and the 239th District Court's now-reversed summary judgment in that suit decreed that Sibley and several other people had an undivided interest in one portion of the property and that another portion of the property belonged to others. *See id.* at \*1. Sibley, however, did not introduce any proof in this dispute that Seminole's easements were located on the portion of the property in which the 239th District Court formerly decreed she had an interest. In addition, the record does not indicate that the *Robinson* parties have resolved their dispute over the division of the property.

Sibley additionally relies on the temporary restraining order entered by the trial court in this suit as proof of her standing. In that order, the trial court stated that Sibley and others were "the owners of or possess some interest in or title to" the land where Seminole's pipeline was located. The temporary restraining order, however, was based on Seminole's pleading, which alleged that Sibley and the others claimed ownership of the property as successors, assigns, and heirs. A temporary restraining order preserves the status quo between the parties for a short duration of time until

20

the court has the opportunity to decide whether the facts support temporary injunctive relief. *See* TEX. R. CIV. P. 680; *Airgas-Sw., Inc. v. IWS Gas & Supply of Tex.*, 390 S.W.3d 472, 484 (Tex. App.—Houston [1st Dist.] 2012, pet. denied). By its terms the trial court's order dissolved no later than 14 days after it was signed. Thus, the trial court did not find that Sibley had an ownership interest in the property by this order.

With respect to First Call and TDW in particular, the record shows that, like Seminole and Enterprise, they asserted that Sibley lacked standing. The record likewise refutes Sibley's contention that they admitted liability by failing to answer requests for admissions. The trial court quashed the discovery requests on which Sibley relies, and she has not assigned any error to the trial court's discovery rulings on appeal.

In sum, the record does not contain any evidence that Sibley had an ownership interest in the particular part of the property where Seminole's easements lie. Given the absence of this essential proof, the trial court correctly concluded that Sibley lacked standing to assert claims relating to the easements and the property on which they are located. *See Exxon Corp. v. Emerald Oil & Gas Co.*, 331 S.W.3d 419, 424 (Tex. 2010) (right to sue for injury to real property belongs to its owner); *Gleason v. Taub*, 180 S.W.3d 711, 713–15 (Tex. App.—Fort Worth 2005, pet. denied) (treating trespass claim as one asserting injury to real property and concluding property

owners had standing to assert claim). Because Sibley lacked standing, we affirm the dismissal of her claims for affirmative relief.

Finally, the court notes that with the exception of her disqualification and recusal arguments, which we have overruled, Sibley does not challenge the trial court's order striking her claims against Seminole and Enterprise for bad-faith abuse of the judicial process. Thus, we alternatively affirm the take-nothing judgment in favor of Seminole and Enterprise on this additional, unchallenged basis.

We overrule Sibley's second, sixth, and seventh issues.

**Conclusion**

We affirm the trial court's judgment and dismiss all pending motions as moot.


Michael Massengale
Justice

Panel consists of Justices Bland, Massengale, and Lloyd.